THIRD DIVISION
NOVEMBER 7, 2007

1-06-1484

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 05 CR 5361 |
| | ) | |
| STANLEY GILDART, | ) | Honorable |
| | ) | Victoria Stewart, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the opinion of the court.

Defendant Stanley Gildart appeals from his bench-trial felony conviction for possession of a controlled substance (crack cocaine), for which he was sentenced to 24 months' probation. He was also assessed various fines, fees and costs which the trial court totaled as $1,235, including a $10 mental health court charge pursuant to section 5-1101(d-5) of the Code of Criminal Procedure (55 ILCS 5/5-1101(d-5) (West 2006)) and a $5 youth diversion/peer court charge pursuant to sections 5-1101(e) and (e)(2) of the Code of Criminal Procedure (55 ILCS 5/5-1101(e), (e)(2) (West 2006)). On appeal defendant challenges only the latter charge.[1] He also contends that his total fees and fines were miscalculated. We order correction of this amount, but otherwise affirm the circuit court.

BACKGROUND

On February 3, 2005, defendant was driving his automobile on Lowe Avenue in Chicago,

---

[1]Defendant has made a motion to withdraw his original additional constitutional challenge to the mental health court charge, and we now grant that motion.

when an unmarked police vehicle pulled him over for failure to make a complete stop at a stop sign. When defendant admitted that he did not have a valid driver's license, police officers took him into custody. The officers performed a custodial search and found one bag of crack cocaine on defendant's person and one bag in his automobile.

ANALYSIS

Defendant challenges the constitutionality of the youth diversion/peer court charges. He also asserts that the trial court incorrectly calculated the total fine, fees and costs, overstating them by $20.

Defendant's first contention is that the youth diversion/peer court charge assessed against him should be vacated because it violates his due process rights. Defendant argues that because there is no rational relationship between a conviction for possession of a controlled substance and the public interests that induced the legislature to create this charge, it is unconstitutional.

Whether a statute is constitutional is a question of law, and therefore, the proper standard of review is *de novo*. People v. Malchow, 193 Ill. 2d 413, 418, 739 N.E.2d 433, 437 (2000). Statutes are presumed constitutional and a court must construe a statute in a manner that upholds its validity and constitutionality if it can reasonably do so. Malchow, 193 Ill. 2d at 418, 739 N.E.2d at 437. The fundamental rule of statutory interpretation is to determine the intent of the legislature and to give effect to that intent. People v. Jones, 223 Ill. 2d 569, 580, 861 N.E.2d 967, 974 (2006). The plain meaning of the statute is the best evidence of the legislature's intent, and therefore other statutory construction aids are unnecessary where the language is clear and unambiguous. Jones, 223 Ill. 2d at 581, 861 N.E.2d at 974-75.

Where a statute under consideration does not affect a fundamental constitutional right, as in

2

this case, the appropriate method of constitutional scrutiny is the rational-basis test. People v. Lindner, 127 Ill. 2d 174, 179, 535 N.E.2d 829, 831 (1989). Under the rational-basis test, a statute is constitutional if it has a reasonable relationship to the public interest being protected, and the manner of achieving that goal is also reasonable. Lindner, 127 Ill. 2d at 180, 535 N.E.2d at 831. Under this test, a court must (1) identify the public interest at issue, (2) determine if the statute reasonably relates to that interest, and (3) determine the reasonableness of the method used to foster that interest. Lindner, 127 Ill. 2d at 180, 535 N.E.2d at 832. If there is a conceivable basis for finding the statute rationally related to a legitimate state interest, the statute must be upheld. Jones, 223 Ill. 2d at 595-96, 861 N.E.2d at 983.

In deciding whether to apply the rational-basis test to a statute imposing a monetary charge, a court must ascertain whether the legislature intended the charge to be a fine or a fee. Jones, 223 Ill. 2d at 597-98, 861 N.E.2d at 984. A fine is a part of the punishment for a conviction, whereas a fee or cost seeks to reimburse the State for expenditures incurred in the prosecution. Jones, 223 Ill. 2d at 581-82, 861 N.E.2d at 975. A statute which imposes a fee must survive rational-basis scrutiny. Jones, 223 Ill. 2d at 596, 861 N.E.2d at 983. But the legislature has much broader authority to determine the nature and extent of criminal fines. Jones, 223 Ill. 2d at 602, 861 N.E.2d at 987. Accordingly, our supreme court has held that a $5 fine does not violate a defendant's due process rights no matter what the legislature earmarks the funds for, but a similar fee must have a rational relationship between the offense charged and the use of the funds generated by the fee. Jones, 223 Ill. 2d at 595-602, 861 N.E.2d at 983-87. Thus, the $5 youth diversion/peer court charge in the instant case is constitutional if the legislature intended it to be a fine, but it may not be constitutional

if it was intended to be a fee.

The statute establishing the youth diversion/peer court charge is section 5-1101(e)(2) of the Code of Criminal Procedure, which provides:

> ”(e)  In each county in which a teen court, peer court, peer jury, youth court, or other youth diversion program has been created, a county may adopt a mandatory fee of up to $5 to be assessed as provided in this subsection.  Assessments collected by the clerk of the circuit court pursuant to this subsection must be deposited into an account specifically for the operation and administration of a teen court, peer court, peer jury, youth court, or other youth diversion program. ***  The fees are to be paid as follows:
>
> * * *
>
> (2) a fee of up to $5 paid by the defendant on a judgment of guilty or grant of supervision under Section 5-9-1 of the Unified Code of Corrections for a felony ***.”   55 ILCS 5/5-1101(e), (e)(2) (West 2006).

Since this section of the statute is labeled “Additional fees to finance court system,” uses the word “fee” exclusively throughout, and does not contain the words “fine” or “penalty,” the plain meaning of the section would appear to be that these charges were intended to be fees rather than fines.  But our supreme court’s holding in Jones requires a more in-depth analysis of the fine/fee issue. According to the Jones court, the most important and central characteristic that separates a fee from

fine is whether the charge seeks to compensate the State for any costs incurred as the result of prosecuting the defendant. Jones, 223 Ill. 2d at 600, 861 N.E.2d at 986. "A charge is a fee if and only if it is intended to reimburse the State for some cost incurred in defendant's prosecution." Jones, 223 Ill. 2d at 600, 861 N.E.2d at 986. Although the statutory language involved in Jones was more ambiguous than the language in the instant statute, Jones establishes that the statutory labels applied to a charge do not control where the purpose of that charge contradicts that label. Thus, we must determine whether the youth diversion/peer court charge serves to compensate the State for prosecution of defendant or constitutes part of defendant's punishment. Jones, 223 Ill. 2d at 581, 861 N.E.2d at 975.

The State argues that the youth diversion/peer court charge cannot be deemed to compensate the State for any costs incurred as a result of prosecuting defendant, and therefore, these charges are fines notwithstanding the language of the statute. We agree.

The charge at issue is mandatory for any defendant convicted of, *inter alia*, a felony. It is allocated to a youth diversion program, even where the defendant is not a youth. Clearly then the charge is not intended to reimburse the State for any of the costs of his prosecution, and it must be deemed to be a fine. Because this is a fine, the rational basis test is inapplicable; instead the fine will be upheld, under a due process analysis, unless the amount is wildly disproportionate to the underlying offense. Jones, 223 Ill. 2d at 602, 861 N.E.2d at 988. There is certainly not such disproportionality here where the fine is $5 and accordingly we affirm the imposition of that fine. We note that this same result with respect to the same fine was recently reached by this court in People v. Price, ___ Ill. App. 3d ___, 873 N.E.2d 453 (2007).

5

The defendant's second contention on appeal is that the trial court miscalculated the total amount of costs, fees and expenses assessed against him by $20. The State concedes that the total was overstated by this amount, and therefore, we order that the total amount assessed against defendant be reduced by $20 to reflect the correct total of $1,215.

For the foregoing reasons, we order that the total amount of fines, fees and costs be amended to reflect the correct total of $1,215, but otherwise affirm the decision of the circuit court of Cook County.

Affirmed as modified.

QUINN, P.J., and THEIS, J., concur.