(No. 106541.—

## THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. WILLIE GRAVES, Appellant.

*Opinion filed September 24, 2009.—Rehearing denied November 23, 2009.*

Michael J. Pelletier, State Appellate Defender, Patri-
cia Unsinn, Deputy Defender, and Tomas G. Gonzalez,

Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellant.

Lisa Madigan, Attorney General, of Springfield, and Anita Alvarez, State's Attorney, of Chicago (James E. Fitzgerald, Alan J. Spellberg, Mary P. Needham and Miles J. Keleher, Assistant State's Attorneys, of counsel), for the People.

JUSTICE KARMEIER delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Freeman, Thomas, Kilbride, Garman, and Burke concurred in the judgment and opinion.

## OPINION

After a bench trial in the circuit court of Cook County, defendant Willie Graves was convicted of the Class 2 offense of possession of a stolen motor vehicle (625 ILCS 5/4—103(a)(1), (b) (West 2006)). The court sentenced defendant to a Class X term of nine years based on his prior criminal convictions. The court also imposed several monetary charges, including, as stated on a form in the record, "Costs and Fees" of $10 for the "Mental Health Court" pursuant to section 5—1101(d—5) of the Counties Code (55 ILCS 5/5—1101(d—5) (West 2006)), and $5 for the "Youth Diversion/Peer Court" pursuant to section 5—1101(e) of the Counties Code (55 ILCS 5/5—1101(e) (West 2006)). On appeal, defendant argued that these two assessments should be vacated as unconstitutional where there was no rational relationship between the legislative purpose underlying the fees and his offense of possession of a stolen motor vehicle. The appellate court, relying on *People v. Paige*, 378 Ill. App. 3d 95 (2007), and *People v. Price*, 375 Ill. App. 3d 684 (2007), held that both the $10 mental health court fee and the

$5 youth diversion/peer court fee were fines, and thus affirmed their imposition by the trial court, finding no impropriety in these "pecuniary penalties." No. 1—06—2504 (unpublished order under Supreme Court Rule 23(c)). We granted defendant's petition for leave to appeal. 210 Ill. 2d R. 315.

## BACKGROUND

Defendant did not, on direct appeal, raise any issue concerning the validity of his conviction or sentence and, thus, this appeal involves the sole question of whether the appellate court correctly found that the monetary charges imposed by the circuit court herein are fines and not fees. Therefore, we note only briefly the facts underlying defendant's conviction.

Several hours after Evelyn Vilchis reported to police that the 2002 Pontiac she had parked near her place of work was stolen, Officer Toutman curbed the Pontiac after observing it go through a red light. A computer check of the license plate revealed that the vehicle had been reported stolen, and when Toutman asked defendant whose car he was driving, defendant stated that he did not know who owned the car. After being handcuffed and receiving the *Miranda* warnings, defendant told Toutman that "he didn't steal the car his friend Mark did." Although Graves had the keys to the Pontiac in his possession, neither Vilchis nor her husband Eduardo Rivera, the vehicle's owner, gave Graves the keys or permission to drive the Pontiac. The trial court found defendant guilty of possession of a stolen motor vehicle.

At sentencing, defendant received a nine-year term of imprisonment. The court also imposed several charges in a written order, the stated purpose of which was "the assessment of fines, fees, costs, reimbursements and other monetary penalties." As previously mentioned, the two charges of interest here, in addition to several others, were listed under the category of "Costs and Fees." The

only other category under which charges were imposed was "Trial Fees." On appeal, the First District of the Appellate Court found "no basis for departing from the reasoning expressed and conclusions drawn" in its previous opinions in *Paige* and *Price*, and accordingly held that the mental health court and youth diversion/peer court charges were "fines," that neither fine was excessive where defendant was convicted of a Class 2 felony, and that no impropriety existed in the imposition of these "pecuniary penalties" on defendant. No. 1—06—2504 (unpublished order under Supreme Court Rule 23(c)).

*Paige* and *Price*, which contain the analytical underpinnings of the appellate court's analysis in this case, relied, in turn, on the framework for considering constitutional challenges to statutorily imposed fines and fees set forth by this court in *People v. Jones*, 223 Ill. 2d 569 (2006). See *Paige*, 378 Ill. App. 3d at 100-04; *Price*, 375 Ill. App. 3d at 699-701. Therefore, the propriety of the appellate court's finding herein that the charges were constitutionally imposed fines must necessarily involve an examination of the reasoning set forth in *Jones*, *Paige*, and *Price*.

## ANALYSIS

In connection with finding defendant guilty of possession of a stolen motor vehicle, the court, *inter alia*, ordered defendant to pay a total of $615 in "fees." The fees included a $10 mental health court fee, which is used to finance "the mental health court, the county drug court, or both" pursuant to section 5—1101(d—5) of the Counties Code (55 ILCS 5/5—1101(d—5) (West 2006)). Also included was a $5 youth diversion/peer court fee, which is deposited into "an account specifically for the operation and administration of a teen court, peer court, peer jury, youth court, or other youth diversion program" pursuant to section 5—1101(e) (55 ILCS 5/5—1101(e) (West 2006)). Defendant asks this court to vacate

these two fees and reduce the total assessment by $15 because they violate his federal and state due process rights. U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2. He contends that the assessment of these fees was unconstitutional because neither charge bears a rational relationship to the offense of possession of a stolen motor vehicle.

Whether a statute is constitutional is reviewed under a *de novo* standard. *People v. Jones*, 223 Ill. 2d 569, 596 (2006). Statutes are presumed constitutional, and this court must construe a statute so as to uphold its constitutionality if there is any reasonable way to do so. *Jones*, 223 Ill. 2d at 595-96. The party challenging the validity of a statute has the burden of clearly demonstrating a constitutional violation. *Jones*, 223 Ill. 2d at 596; *In re R.C.*, 195 Ill. 2d 291, 296 (2001). The statute at issue provides, in relevant part, as follows:

"Additional fees to finance court system. A county board may enact by ordinance or resolution the following fees:

\* \* \*

(d—5) A $10 fee to be paid by the defendant on judgment of guilty or a grant of supervision under Section 5—9—1 of the Unified Code of Corrections [730 ILCS 5/5—9—1] to be placed in the county general fund and used to finance the county mental health court, the county drug court, or both.

(e) In each county in which a teen court, peer court, peer jury, youth court, or other youth diversion program has been created, a county may adopt a mandatory fee of up to $5 to be assessed as provided in this subsection. Assessments collected by the clerk of the circuit court pursuant to this subsection must be deposited into an account specifically for the operation and administration of a teen court, peer court, peer jury, youth court, or other youth diversion program. The clerk of the circuit court shall collect the fees established in this subsection and must remit

the fees to the teen court, peer court, peer jury, youth court, or other youth diversion program monthly, less 5%, which is to be retained as fee income to the office of the clerk of the circuit court. The fees are to be paid as follows:

\*\*\*

(2) a fee of up to $5 paid by the defendant on a judgment of guilty or grant of supervision under Section 5—9—1 of the Unified Code of Corrections for a felony; for a Class A, Class B, or Class C misdemeanor; for a petty offense; and for a business offense." 55 ILCS 5/5—1101(d—5), (e)(2) (West 2006).

In *Jones*, 223 Ill. 2d at 598, we identified the initial question in considering a constitutional challenge to a statutorily imposed charge to be whether that charge "is a fee or a fine." A "fee" is defined as a charge that "seeks to recoup expenses incurred by the state," or to compensate the state for some expenditure incurred in prosecuting the defendant. *Jones*, 223 Ill. 2d at 582. A "fine," however, is " 'punitive in nature' " and is " 'a pecuniary punishment imposed as part of a sentence on a person convicted of a criminal offense.' " *Jones*, 223 Ill. 2d at 581, quoting *People v. White*, 333 Ill. App. 3d 777, 781 (2002). We further found that a charge labeled a fee by the legislature may be a fine, notwithstanding the words actually used by the legislature. See *Jones*, 223 Ill. 2d at 599, 600. Indeed, when determining whether a charge enumerated in a statute is a fee or a fine, "[t]he legislature's label is strong evidence, but it cannot overcome the actual attributes of the charge at issue." *Jones*, 223 Ill. 2d at 599-600 (citing cases). Rather, under *Jones*, 223 Ill. 2d at 600, the most important factor is whether the charge seeks to compensate the state for any costs incurred as the result of prosecuting the defendant. "This is the *central* characteristic which separates a fee from a fine. A charge is a fee if and only if it is intended to reimburse the state for some cost incurred in defendant's prosecution. [Citations.]"

(Emphasis in original.) *Jones*, 223 Ill. 2d at 600. Other factors to consider are whether the charge is only imposed after conviction and to whom the payment is made. See *Jones*, 223 Ill. 2d at 600.

In the case at bar, each of the charges is delineated as a "fee" in the statute, and the general statute authorizing the imposition of the charge is entitled, "Additional fees to finance court system." 55 ILCS 5/5—1101 (West 2006). However, the appellate court in both *Paige* and *Price* found that the attributes of the same mental health court and youth diversion/peer court fees imposed herein reflect that these charges are properly characterized as fines, despite their label as "fees." See *Paige*, 378 Ill. App. 3d at 102-03; *Price*, 375 Ill. App. 3d at 700-01. Like the $5 charge designated for the Spinal Cord Injury Paralysis Cure Research Trust Fund in *Jones*, 223 Ill. 2d at 600, the charges imposed herein do not seek to compensate the state for any costs incurred as the result of prosecuting the defendant. Although the statutory language involved in *Jones* was more ambiguous than the language in the statute at issue here, *Jones* establishes that the statutory labels applied to a charge do not control where the purpose of the charge contradicts that label. See *People v. Gildart*, 377 Ill. App. 3d 39, 42 (2007). Thus, the appellate court in *Paige* and *Price* determined that the $10 mental health court fee and the $5 youth diversion/peer court fee may each properly be viewed as a criminal penalty or pecuniary punishment. See *Paige*, 378 Ill. App. 3d at 102; *Price*, 375 Ill. App. 3d at 700.

Defendant, as did the defendant in *Paige*, argues that the statute at issue "violates the constitutional guarantee of due process because it is an unreasonable and arbitrary method of furthering the State's legitimate interest in financing the court system." In support of that contention, he relies on the fact that there is no nexus between his conviction for possession of a stolen motor vehicle

and the charges imposed, arguing that neither his criminal offense nor his prosecution involved the resources of the programs financed by the mental health court and youth diversion/peer court fees. We agree that there is no relevant connection between the offense committed and mental health or juvenile justice. See *Price*, 375 Ill. App. 3d at 700. However, under *Jones*, the fact that the proceeds of the fines are earmarked for a specific purpose, unrelated to the offense upon which defendant was convicted, is irrelevant to their constitutionality; rather it is *because* the charges in no way compensate the state for the cost of prosecuting defendant that they are fines, and not fees. See *Jones*, 223 Ill. 2d at 600, 605.

Additionally, the $10 and $5 charges imposed here pursuant to section 5—1101 of the Counties Code possess other attributes of a fine mentioned in *Jones, i.e.*, they were exacted only after conviction for a criminal offense and, while payable to a county fund rather than the state treasury, it is undisputed that they further the state's interest in financing the court system. See *Jones*, 223 Ill. 2d at 600. Defendant contends that the charges in this case cannot be deemed fines or punishment because the county board has no authority to sentence or punish under the Counties Code. Thus, according to defendant, *Jones* is distinguishable, because there the spinal-cord-injury fee was authorized under the "Criminal Code." We note that the charge for the Spinal Cord Injury Paralysis Cure Research Fund at issue in *Jones* was not authorized under the Criminal Code of 1961 (720 ILCS 5/1—1 *et seq.* (West 2006)), but rather by section 5—9—1.1(c) of the Unified Code of Corrections (730 ILCS 5/5—9—1.1(c) (West 2006)). Regardless, we do not agree with defendant's contention that any monetary charge authorized by the Counties Code can only be deemed a fee, and not a fine.

The clear language of the Counties Code shows that the legislature intended to grant county boards the limited authority to set fines as punishment for various violations. Section 5—1113 of the Code (55 ILCS 5/5—1113 (West 2006)), entitled "Ordinance and rules to execute powers; limitations on punishments," provides:

"The county board may pass all ordinances and make all rules and regulations proper or necessary, to carry into effect the powers granted to counties, with such *fines or penalties* as may be deemed proper except where a specific provision for a fine or penalty is provided by law. No *fine or penalty*, however, except civil penalties provided for failure to make returns or to pay any taxes levied by the county shall exceed $1,000." (Emphasis added.) 55 ILCS 5/5—1113 (West 2006).

Some fines authorized under the Counties Code are clearly labeled as such. For example, pursuant to "Division 5—12. Zoning," of the Code (55 ILCS 5/5—12001 *et seq.* (West 2006)), the abandonment of a vehicle on a county highway in counties of a certain size is "unlawful and a petty offense punishable by a fine not to exceed $500" (55 ILCS 5/5—12004(a) (West 2006)), and any person who violates the terms of any ordinance adopted under the authority of that Division is "punishable by a fine not to exceed $500" (55 ILCS 5/5—12017 (West 2006)). We find that section 5—1101 of the Counties Code also sets forth "fines and penalties," although they are labeled "fees to finance court system." 55 ILCS 5/5—1101 (West 2006). In addition to the two subsections under which fines were imposed in this case, section 5—1101 also authorizes monetary penalties to be paid by a defendant on a judgment of guilty or a grant of supervision for violation of certain sections of the Illinois Vehicle Code or of the Unified Code of Corrections. See 55 ILCS 5/5—1101(a), (c), (d) (West 2006). Thus, contrary to defendant's claim, the legislature has clearly conferred upon county boards the limited power to enact certain

fines or penalties, including the mental health court and youth diversion/peer court fines.[1]

Next, defendant argues that the First District's holding in this case, and in *Price* and *Paige*, conflicts with the Second District's opinion in *People v. Elizalde*, 344 Ill. App. 3d 678 (2003). In *Elizalde*, following the defendant's third conviction of driving under the influence of alcohol in violation of section 11—501 of the Illinois Vehicle Code (625 ILCS 5/11—501 (West 2002)), he was sentenced to a term of imprisonment and was assessed $100 under section 5—1101(d) of the Counties Code (55 ILCS 5/5—1101(d) (West 2002)), for a second or subsequent violation of section 11—501. The appellate court found that the repeated use of the word "fee" in section 5—1101(d), "and its description of a nonpunitive purpose," indicated an intent on the part of the legislature that an assessment made under that section be treated as a fee and not a fine. *Elizalde*, 344 Ill. App. 3d at 683.

However, *Elizalde* was decided prior to our holding in *Jones* that a $5 "fee" to the spinal cord fund was "clearly a fine, the label notwithstanding," because the charge did not seek to compensate the state for any costs incurred as the result of prosecuting the defendant. *Jones*, 223 Ill. 2d at 600. The $100 charge imposed on the defendant in *Elizalde* for his third violation of section 11—501, while related to his offense, was intended to be "used to finance education programs related to driving under the influence of alcohol," and *not* to compensate the state for the cost of prosecuting him. 55 ILCS 5/5—1101(d) (West 2002). Accordingly, as the hold-

---

[1]We note that while the county board herein *authorized* the fines at issue under powers expressly granted by the Illinois legislature in the Code, it was the trial court which *imposed* those fines based upon that statutory authority. Thus, contrary to defendant's contention, the imposition of these fines was a solely judicial function.

ing in *Elizalde* is not in conformity with our opinion in *Jones*, we find that it should no longer be followed.

Having examined defendant's claims on appeal, and given the principles articulated in *Jones* and recently applied in *Price* and *Paige*, we conclude that the charges in the case at bar, although labeled as "fees," are in fact fines, which are punitive in nature. "A defendant has no basis for protesting the usage to which his criminal fines are put." *Jones*, 223 Ill. 2d at 602. Therefore, as in *Jones*, 223 Ill. 2d at 602, we reject defendant's contention that his due process rights have been violated because his fines are unrelated to his offense. Instead, the fine will be upheld under a due process analysis unless the amount is greatly disproportionate to the underlying offense. *Jones*, 223 Ill. 2d at 605; *Gildart*, 377 Ill. App. 3d at 42-43. Thus, here, having determined that the charges at issue were imposed as punishment for a criminal conviction, we consider only whether it is disproportionate to defendant's crime to impose the punishment of a $10 mental health court fine and a $5 youth diversion/peer court fine. See *Jones*, 223 Ill. 2d at 605; *Paige*, 378 Ill. App. 3d at 103.

> "So far as the defendant who is subject to a monetary fine is concerned, due process requires only that the punishment imposed be rationally related to the offense on which he is being sentenced. In the context of fines, the inquiry is whether the amount of the fine is grossly disproportionate to the offense." *Jones*, 223 Ill. 2d at 605.

In this case, that test is clearly satisfied where the amounts of the fines are in no way grossly disproportionate to defendant's Class 2 felony offense of possession of a stolen motor vehicle. See *Paige*, 378 Ill. App. 3d at 103-04 ($10 mental health court fine and $5 youth diversion/peer court fine not excessive for the offense of possession of a controlled substance); *Gildart*, 377 Ill. App. 3d at 40, 42-43 ($5 youth diversion/peer court charge was a fine and not excessive for the offense of

possession of a controlled substance); *Price*, 375 Ill. App. 3d at 701 ($10 mental health court fine and $5 youth diversion/peer court fine not excessive for a Class 4 felony). The $15 in fines imposed as punishment in the present case do not violate defendant's due process rights.

### CONCLUSION

For the reasons stated above, we affirm the judgment of the appellate court, which affirmed the trial court's imposition of these fines.

*Appellate court judgment affirmed.*