2014 IL App (3d) 120552

Opinion filed January 16, 2014

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2014

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the Twelfth Judicial Circuit Will County, Illinois |
| Plaintiff-Appellee, | ) ) ) | Appeal No. 3-12-0552 |
| v. | ) ) | No. 11-CF-2264 |
| ROBERT D. HUNTER, | ) ) ) | Honorable Daniel J. Rozak, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE WRIGHT delivered the judgment of the court, with opinion.
Justices Carter and O'Brien concurred in the judgment, and opinion.

**OPINION**

¶ 1     Defendant, Robert D. Hunter, was convicted of aggravated battery (720 ILCS 5/12-3.05(c) (West 2010)) and sentenced to six years' imprisonment. Defendant appeals his sentence by requesting this court to adjust the amount of certain monetary charges which the court purportedly ordered defendant to pay as part of his sentence following conviction. We vacate and remand with directions.

¶ 2                                     FACTS

¶ 3     During the sentencing hearing conducted June 6, 2012, neither party addressed or

discussed the statutory costs, fees, and assessments to be ordered by the trial court. Consequently, when sentencing defendant for the offense of aggravated battery, the court did not address or articulate any amount with respect to this defendant's financial obligations. Instead, the trial court verbally announced defendant's sentence of serve six years' imprisonment.

¶ 4      Within the next 30 days, on June 28, 2012, defendant filed a motion to reconsider this sentence, challenging only the length of his court-ordered incarceration, the only component of his punishment announced by the trial court on June 6, 2012. On July 2, 2012, the court conducted a hearing and verbally denied defendant's motion to reconsider his sentence.

¶ 5      Thereafter, the court signed a judgment, dated July 2, 2012, ordering defendant to serve six years of incarceration in the Department of Corrections and additionally ordering defendant to pay an unspecified amount of court costs. Specifically, the court order required defendant to "pay costs of prosecution herein." The judgment order also awarded defendant credit for 226 days served in presentence custody from November 20, 2011, the date of arrest, until July 2, 2012, the date of the denial of his motion to reconsider sentence.

¶ 6      The record contains a document entitled "4th REVISED CRIMINAL COST SHEET," presumably completed by the circuit clerk, itemizing 10 separate charges. The face of the preprinted cost sheet appears to indicate this preprinted form was originally drafted on June 22, 2007. The "4th REVISED CRIMINAL COST SHEET" contains a list of the court costs imposed on this defendant totaling $497, together with the statutory authority for those charges. These itemized charges included $200 in "Green Sheet Fees," a $50 "Court Systems Fee," and a $25 "Violent Crime Victim Asst. Fee" (VCV fee).

¶ 7      The court did not sign the cost sheet or make any notation of record to document it

2

actually reviewed and then imposed the costs as summarized by the clerk. The record does not indicate whether defendant received a copy of the cost sheet on July 2, 2012. On appeal, defendant requests this court to correct certain monetary charges reflected on the cost sheet.

¶ 8                                                                ANALYSIS

¶ 9       For the first time on appeal, defendant challenges $72 of the $497 in charges imposed by the court on July 2, 2012. Specifically, defendant requests the court to reduce the sheriff's fees by $5. In addition, defendant argues the $50 "Court Systems Fee" constitutes a fine that would be satisfied by applying the mandated statutory $5 credit for time defendant spent in presentence custody. Consequently, defendant argues, with the imposition of a fine in the form of a fee, the $25 VCV assessment must be reduced to $8.

¶ 10      The State argues the court systems charge is a fee, not a fine and, therefore, the VCV fee of $25 was correctly assessed. The State does not oppose a $5 reduction in the sheriff's "Green Sheet Fees."

¶ 11      Even though the State and defendant now agree the clerk's calculations for the sheriff's fees should have been $5 less, neither side brought this $5 mathematical error to the attention of the circuit clerk or the trial court for correction prior to the present appeal. The case law provides scrivener's errors, such as this, may be corrected by the court, even after the date of judgment. *Robinson v. Point One Toyota, Evanston*, 2012 IL App (1st) 111889, ¶ 18. Certainly, this approach would have been a much more judicially economical method to quickly address the agreed scrivener's error in the case at bar.

¶ 12      At the onset, we note, miscalculations in assessed costs, such as these, are frequently discovered by a defendant for the first time on appeal. Typically, when a defendant fails to

3

address a cost issue in the trial court, defendant raises the monetary issue for the first time in this court by claiming the sentence ordered below is void, in part. It is well settled that the propriety of fines, fees, and costs imposed by the trial court are reviewed by this court *de novo* as a question of statutory interpretation. *People v. Elcock*, 396 Ill. App. 3d 524, 538 (2009).

¶ 13 Yet, defendant has not requested this court to exercise appellate jurisdiction on the basis of a void sentence. Although not addressed by the parties, this court has an obligation to consider whether the errors now raised in this appeal have been forfeited. To that end, forfeiture is not an absolute bar to appellate review; instead, forfeiture presents limitations on the parties, not reviewing courts. *People v. Davis*, 213 Ill. 2d 459, 470 (2004).

¶ 14 The record reveals the trial court did not enter a written order assessing costs in general until July 2, 2012.[1] Thus, when defendant filed his motion to reconsider on June 28, 2012, the amount of costs had not yet been determined and included in a final, written order. Therefore, neither defendant nor the State had an opportunity to raise any issue with respect to costs as calculated by the circuit clerk on July 2, 2012. Based on the chronology of events, we conclude, in the interests of justice, the principles of forfeiture should not be applied in this case. See *Halpin v. Schultz*, 234 Ill. 2d 381, 390 (2009) (reviewing courts may look beyond considerations of forfeiture in order to maintain a sound and uniform body of precedent or where the interests of justice so require).

¶ 15 We first address defendant's contention that the $50 court systems fee reflected in the costs sheet constitutes a fine, rather than a fee. Defendant analogizes the court systems fee to the "Mental Health Court" and "Youth Diversion/Peer Court" charges that our supreme court, in

---

[1]*In re K.S.*, 250 Ill. App. 3d 862, 863 (1993) (oral pronouncements are not final, binding, or appealable and the written judgment is the judgment of the court).

*People v. Graves*, 235 Ill. 2d 244, 246 (2009), held to be fines, despite being labeled as fees. In *Graves*, defendant was convicted of possession of a stolen vehicle. His sentence included a mental health court "fee" and a youth diversion/peer court "fee." The *Graves* court explained that when a charge does not compensate the state for costs incurred as a result of prosecuting the defendant, the charge should be viewed as a fine despite being labeled a fee by the legislature. *Id.* at 250. The court in *Graves* found the fees did not compensate the state for charges incurred as a result of prosecuting the defendant, because the defendant did not go through the mental health/drug court or the youth diversion court and concluded the charges were fines, not fees. *Id.*

¶ 16    However, unlike the charges in *Graves*, according to the statute involved in this case, the court systems fee at issue, must "be placed in the county general fund and used to finance the court system in the county." 55 ILCS 5/5-1101(g) (West 2010). Consequently, we conclude the $50 court systems charge constitutes a fee, not a fine. Therefore, defendant's request for a $5-per-day presentence credit toward the fee is unwarranted and defendant's argument concerning the $25 VCV charge on this basis is without merit.

¶ 17    Next, we consider whether the trial court imposed the correct amount of sheriff's fees as part of defendant's sentence. The approach suggested by defendant, and presumably adopted by the State's concession, requires this court to conduct our own *de novo* review of the factual information set out in the sheriff's green sheets and the clerk's cost sheet.

¶ 18    After our careful consideration of the sheriff's green sheets, we note the green sheet dated November 20, 2011, includes a $27 charge requested by the sheriff for "TAKING OF BOND" in the amount of "($100 or more)." The record does not reveal this defendant posted bond in any amount. Although not challenged by defendant on appeal, the $27 charge appears to be a simple clerical error occasioned by the deputy sheriff that would have been caught had the court been

5

given an opportunity to review the forms. In addition, our careful review confirms the total amount of sheriff's fees was overstated on the clerk's cost sheet in the amount of $5.

¶ 19    Based on this record, it appears that, unlike this court, the trial court did not have a similar opportunity to carefully review either the information set out in the green sheets or the preprinted cost sheet completed by the clerk. Hence, without a sum certain set out in the judgment order, we cannot be confident regarding the specific amounts the court intended to *order* this defendant to pay.

¶ 20    Any miscalculations with regard to monetary charges are best addressed in the trial court, with both parties present. Consequently, we remand the matter to the trial court with directions to review and, if necessary, to correct the costs summarized in the clerk's cost sheet. We direct the court to then enter a written order with respect to the amount and nature of each charge ordered by the court for payment as part of defendant's sentence in this case. Thereafter, the court should allow defendant an opportunity to file an amended motion to reconsider sentence, if desired, within 29 days of the date of our mandate, allowing the lapse of one day preceding the notice of appeal filed on July 3, 2012.

¶ 21                            **CONCLUSION**

¶ 22    The judgment of the circuit court of Will County is vacated and the cause is remanded with directions.

¶ 23    Vacated and remanded with directions.