2019 IL App (1st) 163035

No. 1-16-3035

Opinion filed on April 9, 2019.

Second Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 14 CR 20735 |
| | ) | |
| NATHAN BARR, | ) | The Honorable |
| | ) | Thaddeus L. Wilson, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE LAVIN delivered the judgment of the court, with opinion.
Presiding Justice Mason and Justice Hyman concurred in the judgment and opinion.

OPINION

¶ 1    Following a bench trial, defendant Nathan Barr was found guilty of armed robbery (720 ILCS 5/18-2(a)(2) (West 2014)); aggravated unlawful restraint (720 ILCS 5/10-3.1 (West 2014)); and 10 counts of aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1), (a)(3); (a)(2), (a)(3) (West 2014)). After merging the counts into armed robbery, the court sentenced defendant to 24 years' imprisonment and entered an order assessing fines, fees and costs. On

appeal, defendant solely challenges the fines and fees imposed by the court. For the following reasons, we affirm and modify the fines, fees, and costs order.

¶ 2     Defendant was convicted of armed robbery, aggravated unlawful restraint, and 10 counts of aggravated unlawful use of a weapon on evidence showing that on October 22, 2014, he robbed 16-year-old Keshon Wright, who was walking with a friend in the vicinity of 7600 South Union Avenue. Defendant pointed a silver and blue gun at Wright's chest. He demanded that Wright empty his pockets and give defendant his watch. Defendant fled with Wright's belongings and was apprehended shortly after the offense. Police recovered a handgun near him, which was identified by Wright as the gun used in the robbery.

¶ 3     A sentencing hearing was held on September 30, 2016, after which the trial court merged all the counts into count I (armed robbery) and imposed a sentence of 24 years. The court awarded defendant 709 days of presentence custody credit and entered an order assessing a total of $894 in fines, fees, and costs. Defendant filed a notice of appeal the same day.

¶ 4     On appeal, defendant does not challenge his conviction. He only challenges several assessments imposed by the trial court. While defendant concedes he did not preserve this issue, he argues that it is reviewable under Illinois Supreme Court Rule 615(a) and the second prong of the plain error doctrine or under ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). The State acknowledges defendant's failure to preserve this issue but agrees that he is entitled to review under the second prong of the plain error doctrine. See *People v. Cox*, 2017 IL App (1st) 151536, ¶¶ 94-102. Generally, where the State has responded that defendant's claims are properly reviewed as plain error, it has waived any forfeiture argument and we review the issue. *People v. Brown*, 2018 IL App (1st) 160924, ¶ 25.

¶ 5 However, on February 26, 2019, after the parties filed briefs in this case, our supreme court adopted new rules regarding the preparation of sentencing orders and the correction of sentencing errors. Ill. S. Ct. Rs. 452, 472, 557 and 558 (eff. Mar. 1, 2019). As relevant here, Rule 472 addresses the procedure for correcting certain enumerated sentencing errors, including "[e]rrors in the imposition or calculation of fines, fees, and assessments or costs." Ill. S. Ct. R. 472(a) (eff. Mar. 1, 2019).[1] It provides that, in criminal cases, "the circuit court retains jurisdiction to correct" the enumerated errors "at any time following judgment ***, including during the pendency of an appeal." *Id.* A trial court's order entered pursuant to this rule becomes a final and appealable judgment. Ill. S. Ct. R. 472(b) (eff. Mar. 1, 2019). Pursuant to Rule 472(c), "[n]o appeal may be taken" on the ground of any of the sentencing errors enumerated in the rule "unless such alleged error has first been raised in the circuit court." Ill. S. Ct. R. 472(c) (eff. Mar. 1, 2019). When a postjudgment motion is filed pursuant to Rule 472, "any claim of error not raised in that motion shall be deemed forfeited." *Id.*

¶ 6 Rule 472 now allows the trial court to retain jurisdiction to correct fines and fees errors at any time following judgment, even during the pendency of an appeal. Ill. S. Ct. R. 472(a) (eff. Mar. 1, 2019). But here, prior to the adoption of Rule 472, defendant had already raised his fines and fees claims in the instant appeal. Therefore, we must determine whether to address defendant's fines and fees claims pending before us, or instruct him to return to the trial court and request that they be corrected there. This question necessarily requires us to address whether Rule 472 was intended to apply prospectively or retroactively. For the following reasons, we believe the rule should be applied prospectively.

---

[1]Rule 472 also provides for the correction of errors in the application of *per diem* credit and in the calculation of presentence custody credit, as well as certain clerical errors in the written sentencing order. Ill. S. Ct. R. 472(a)(2), (3), (4) (eff. Mar. 1, 2019).

¶ 7    In general, the same principles that guide the construction of statutes also control the interpretation of supreme court rules. *People v. Easton*, 2018 IL 122187, ¶ 13. Moreover, because the rules for interpreting statutes and supreme court rules are the same, the retroactivity framework for statutes provided in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994), and adopted by the Illinois Supreme Court in *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27 (2001)), also applies to supreme court rules. *Easton,* 2018 IL 122187, ¶ 14. Pursuant to *Landgraf*, we must "first look to the rule itself to ascertain whether its temporal reach has been specifically articulated." *Id*. ¶ 15 (citing *People v. Hunter*, 2017 IL 121306, ¶ 20). When a rule states such express intent, it must be given effect absent a constitutional prohibition. *Id.*

¶ 8    Supreme Court Rule 472 was adopted on February 26, 2019, and has an effective date of March 1, 2019. S. Ct. R. 472 (eff. Mar. 1, 2019). Applying the first step of the *Landgraf* test, which requires this court to look to "the rule itself" in determining whether it applies retroactively or prospectively (*Easton*, 2018 IL 122187, ¶ 15), we believe the supreme court expressed its intent that the rule should apply prospectively because it adopted Rule 472 on February 26, 2019 but made it effective on March 1, 2019. A similar outcome was reached in *People v. Yarbor*, 383 Ill. App. 3d 676 (2008), where this court held that an amendment to Supreme Court Rule 431(b), adopted on March 21, 2007, with an effective date of May 1, 2007, did not apply retroactively. *Yarbor*, 383 Ill. App. 3d at 684 ("the supreme court, by delaying the amendment's effective date, expressed the intent that the amended rule would apply prospectively only"); see also *People v. Brown*, 225 Ill. 2d 188, 201 (2007) (holding that a law

enacted in June 1998, with provisions that were effective on January 1, 1999, and January 1, 2000, "was intended to have only prospective application").

¶ 9 Our analysis could arguably end here. But even if the rule did not have a delayed implementation date and its temporal reach was unclear, our conclusion would not change. In Illinois, when a court determines that the legislature has not clearly articulated the temporal reach of a statute, the correct procedure is to analyze the law under section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2016)) rather than under the second step of *Landgraf. Hunter*, 2017 IL 121306, ¶ 21. Section 4 is a general savings clause, which provides that "procedural changes *** will be applied retroactively, while substantive changes are prospective only." (Internal quotation marks omitted.) *Id.* ¶ 22; see also Ill. S. Ct. R. 2(a) (eff. July 1, 2017) (providing that supreme court rules "are to be construed in accordance with the appropriate provisions of the Statute on Statutes"). Consequently, when a new provision's temporal reach is not clearly indicated, section 4 of the Statute on Statutes generally directs that "an amendment that is purely procedural will apply retroactively unless a constitutional impediment precludes its application." *Easton*, 2018 IL 122187, ¶ 17.

¶ 10 Citing Black's Law Dictionary, the supreme court has defined procedural law as " '[t]he rules that prescribe the steps for having a right or duty judicially enforced, as opposed to the law that defines the specific rights or duties themselves.' " *Perry v. Department of Financial & Professional Regulation*, 2018 IL 122349, ¶ 70 (quoting Black's Law Dictionary 1398 (10th ed. 2014)). Substantive law, in contrast, is defined as " '[t]he part of the law that creates, defines, and regulates the rights, duties, and powers of the parties.' " *Id.* (quoting Black's Law Dictionary

1658 (10th ed. 2014)). In distinguishing between procedural and substantive rules, the supreme court has explained:

> "A procedural rule prescribes the method by which a party seeks to enforce a right or obtain relief. [Citation.] Conversely, substantive rules establish the rights that may be redressed under a particular procedure. [Citation.] Rules of procedure involve matters such as pleading, evidence, and practice. [Citation.] Rules of practice direct the course of proceedings before the court. [Citation.]" *Easton*, 2018 IL 122187, ¶ 19.

Supreme Court Rule 472 delineates the steps a defendant must follow to correct certain sentencing errors: a defendant must move for corrections in the circuit court at any time after judgment but make sure to include all appropriate enumerated sentencing errors in the same motion or forfeit them. We find that, because that the rule instructs a defendant about how to obtain relief, it is procedural.

¶ 11    However, as our supreme court explained in *Hunter*, even when a new rule or amendment is procedural, additional analysis is required to determine whether it applies retroactively. *Hunter*, 2017 IL 121306, ¶ 34 (" 'the mere fact that a new rule is procedural does not mean that it applies to every pending case' " (quoting *Landgraf*, 511 U.S. at 275 n.29)). Rather, courts "have an obligation to construe statutes in a manner that will avoid absurd, unreasonable, or unjust results that the legislature could not have intended." *Hunter*, 2017 IL 121306, ¶ 28; see also *Easton*, 2018 IL 122187, ¶ 21.

¶ 12    In *Hunter*, the defendant was 16 years old when he committed armed robbery while armed with a firearm and aggravated vehicular hijacking. *Hunter*, 2017 IL 121306 ¶¶ 4, 6. While his direct appeal was pending, a public act went into effect that removed his offenses from the

list of those requiring automatic transfer from juvenile to adult court. *Id.* ¶¶ 7-8. On appeal, the defendant argued that his case should be remanded for a discretionary transfer hearing. *Id.* ¶ 9. The supreme court disagreed, as "the proceedings in the trial court were completed well before the statute was amended," such that "[n]o 'ongoing proceedings' existed to which the amended statute could apply." *Id.* ¶ 32. Thus, "applying the amended statute retroactively to [the defendant's] case would result in" the reviewing court "effectively creating new proceedings for the sole purpose of applying a procedural statute that postdates [the defendant's] trial and sentence." *Id.* ¶ 33. As the court explained, "[r]emand under such circumstances would create inconvenience and a waste of judicial resources—a real-world result that the General Assembly could not have intended." *Id.* ¶ 36. In so holding, the court distinguished cases where a procedural amendment takes effect while litigation is still pending in the trial court (*People ex rel. Alvarez v. Howard*, 2016 IL 120729), or where reversible error necessitates new proceedings to which the amendment could apply (*People v. Ziobro*, 242 Ill. 2d 34 (2011)). *Hunter*, 2017 IL 121306, ¶ 32.

¶ 13    The *Hunter* court acknowledged that "retroactivity jurisprudence has not typically distinguished between cases that are pending in the trial court and cases pending in the appellate court on direct review at the time a statutory amendment becomes effective." *Id.* ¶ 27. *Hunter* emphasized, however, that section 4 of the Statute on Statutes, which permits the retroactive implementation of procedural amendments, additionally "contemplates the existence of proceedings after the new or amended statute is effective to which the new procedure could apply." *Id.* ¶ 31.

¶ 14    Following these principles, the supreme court in *Easton* held that the appellate court erred in finding that an amended version of Supreme Court Rule 604(d) applied retroactively to a defendant's appeal because "there were no 'ongoing proceedings' to which the amended rule would apply," and the appellate court's decision would "necessitate new proceedings in order to apply an amendment to a procedural rule that postdated the postplea proceedings." *Easton*, 2018 IL 122187, ¶ 23. Similarly, in *People v. Young*, 2019 IL App (3d) 160528, the Third District followed *Hunter* and declined to remand a case for new guilty plea admonishments required by a statute that took effect during the pendency of the direct appeal because "no proceedings exist at which the amended statute could be applied." *Young*, 2019 IL App (3d) 160528, ¶ 24.

¶ 15    We similarly conclude that, even if Rule 472 is procedural, it should not be applied retroactively to defendant and does not require him to return to the circuit court to request relief. The application of section 4 of the Statute on Statutes is predicated on "the existence of proceedings after the new or amended statute [or rule] is effective to which the new procedure could apply." *Hunter*, 2017 IL 121306, ¶ 31. Here, where defendant is already challenging his fines and fees on appeal after March 1, 2019, there are no such "ongoing proceedings" to which the new rule could apply. Accordingly, we will address defendant's fines and fees claims.

¶ 16    The propriety of the imposition of fines and fees is a question of law which we review *de novo*. *Brown*, 2018 IL App (1st) 160924, ¶ 25.

¶ 17    The parties correctly agree that the $5 Electronic Citation fee (705 ILCS 105/27.3e (West 2014)); the $5 Court Systems fee (55 ILCS 5/5-1101(a) (West 2014)); and the $250 DNA ID Systems fee (730 ILCS 5/5-4-3(j) (West 2014)) should be vacated. The Electronic Citation fee applies to "any traffic, misdemeanor, municipal ordinance, or conservation offense" (705 ILCS

105/27.3e (West 2014)), and defendant was convicted of felony offenses. The Court Systems fee applies "on a judgment of guilty or a grant of supervision for violation of the Illinois Vehicle Code other than section 11-501 or violations of similar provisions contained in county or municipal ordinances committed in the county." 55 ILCS 5/5-1101(a) (West 2014). Defendant was not convicted of a violation of the Illinois Vehicle Code. Lastly, the DNA ID Systems fee applies only if defendant has not been found guilty of a felony since 1990 (730 ILCS 5/5-4-3(j) (West 2014)), while here, defendant had been previously adjudicated of a felony offense under the Juvenile Court Act.

¶ 18     A defendant incarcerated on a bailable offense who does not supply bail, and against whom a fine is levied, is allowed a credit of $5 for each day spent in presentence custody. 725 ILCS 5/110-14(a) (West 2014). Here, defendant received credit for 709 days in custody prior to sentencing for a total monetary credit of $3545.

¶ 19     Defendant argues that he is entitled to use this credit to offset the applicable fines assessed against him. See *People v. Jones*, 223 Ill. 2d 569, 599 (2006) ("[T]he credit for presentence incarceration can only reduce fines, not fees."). "Broadly speaking, a 'fine' is a part of the punishment for a conviction, whereas a 'fee' or 'cost' seeks to recoup expenses incurred by the state." *Id.* at 582. A "fine" is punitive in nature and is imposed as part of a sentence on a person convicted of a criminal offense. *People v. Graves*, 235 Ill. 2d 244, 250 (2009). A "fee" is a charge that seeks to recoup expenses incurred by the State in prosecuting the defendant. *Id*. The legislature's label for a charge is strong evidence of whether the charge is a fee or a fine, but "the most important factor is whether the charge seeks to compensate the state for any cost incurred as a result of prosecuting the defendant." *Id*.

¶ 20    The State concedes that the $15 State Police Operations fee (705 ILCS 105/27.3(a)(1.5) (West 2014)) and the $50 Court System fee (55 ILCS 5/5-1101(c)(1) (West 2014)) are fines subject to be offset. See *People v. Millsap*, 2012 IL App (4th) 110668, ¶ 31 (holding the State Police Operations Assistance fee constitutes a fine that can be offset by defendant's presentencing incarceration credit); *People v. Brown*, 2017 IL App (1st) 150146, ¶ 37 (defendant may apply his presentence incarceration credit toward the $50 Court System fee). We agree with the parties that these two charges, totaling $65, should be offset by defendant's presentence incarceration credit.

¶ 21    As to the remaining assessments, the $190 Felony Complaint Filing fee (705 ILCS 105/27.2a(w)(1)(A) (West 2014)); the $15 Automation fee (705 ILCS 105/27.3a(1) (West 2014)); the $25 Document Storage fee (705 ILCS 105/27.3c(a) (West 2014)); the $2 State's Attorney Records Automation fee (55 ILCS 5/4-2002.1(c) (West 2014)); and the $2 Public Defender Records Automation fee (55 ILCS 5/3-4012 (West 2014)), defendant in his reply brief has acknowledged our supreme court has recently held that these five assessments are fees, not fines, and therefore, not subject to be offset by defendant's presence credit. As such, defendant has withdrawn his challenge. *People v. Clark*, 2018 IL 122495, ¶¶ 22, 27, 34, 41, 49.

¶ 22    In sum, we find that the $5 Electronic Citation fee (705 ILCS 105/27.3e (West 2014)); the $5 Court Systems fee (55 ILCS 5/5-1101(a) (West 2014)); and the $250 DNA ID Systems fee (730 ILCS 5/5-4-3(j) (West 2014)) should be vacated. The $50 Court System fee (55 ILCS 5/5-1101(c)(1) West 2014)) and the $15 State Police Operations fee (705 ILCS 105/27.3(a)(1.5) (West 2014)) are offset by defendant's presence custody credit. Defendant's amended total amount due should be reduced by $325 for a total of $569. Pursuant to our authority under

Illinois Supreme Court Rule 615(b)(1) (eff. Jan. 1, 1967), we correct the fines, fees, and costs order accordingly, without remand. We affirm defendant's conviction and sentence in all other respects.

¶ 23    Affirmed; fines, fees, and costs order modified.