NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 221015-U

NO. 4-22-1015

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 13, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Lee County |
| BRIAN T. SHUMACK, | ) | No. 05CF238 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jacquelyn D. Ackert, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court reversed the trial court's order denying defendant's motion to correct an error in the application of *per diem* credit against fines and remanded to the trial court for application of the credit.

¶ 2     In September 2022, defendant, Brian T. Shumack, filed a motion seeking *per diem* credit for time spent in presentence custody against his "Youth Diversion" fee under section 110-14(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-14(a) (West 2020)). The trial court denied defendant's motion. Defendant appeals, arguing the court erred in finding none of the assessments imposed were fines eligible for *per diem* credit. For the reasons that follow, we reverse the court's judgment and remand for entry of the credit against defendant's "Youth Diversion" fee.

¶ 3                                    I. BACKGROUND

¶ 4        Following a January 2006 bench trial, defendant was convicted of burglary (720 ILCS 5/19-1(a) (West 2004)) and criminal damage to property (720 ILCS 5/21-1(1)(a) (West 2004)), sentenced to 14 years' imprisonment, and ordered to pay $1280 restitution. According to the sentencing order, defendant spent 182 days in presentence custody. On direct appeal, defendant challenged his prison sentence and the restitution amount. The appellate court affirmed. *People v. Shumack*, No. 2-06-0067 (2007) (unpublished order under Supreme Court Rule 23).

¶ 5        On September 26, 2022, defendant filed a *pro se* "Motion for $5-Per-Day Credit Against Fines Pursuant to Section 725 ILCS 5/110-14." In his motion, defendant requested correction of an error in the application of *per diem* credit against his fines. He explained that he wrote to the circuit court clerk asking "if there were any outstanding fines, fees, [or] court dates," and the clerk responded with an itemized list of fines and fees totaling $565.50. Defendant attached the list he received from the circuit court clerk to his motion. The list included a $5 fee for "Youth Diversion."

¶ 6        On November 3, 2022, the trial court denied defendant's motion, determining that the challenged amounts were not fines and, therefore, not subject to the $5-per-day credit against fines for his time spent in presentence custody under section 110-14 of the Code (725 ILCS 5/110-14 (West 2006)). Defendant timely filed a notice of appeal on November 18, 2022.

¶ 7        This appeal followed.

¶ 8                                II. ANALYSIS

¶ 9                                A. Jurisdiction

¶ 10        On appeal, defendant acknowledges his *pro se* motion did not include a citation to Illinois Supreme Court Rule 472(a)(2) (eff. May 17, 2019), providing that trial courts retain

jurisdiction in criminal cases to correct certain sentencing errors at any time following judgment, including "[e]rrors in the application of *per diem* credit against fines." Nonetheless, defendant asserts this court should treat his motion as one filed under Rule 472, because the relief he requests is expressly authorized by the rule and the substance of the motion should control over its form. Defendant contends the trial court had jurisdiction to consider his motion under Rule 472 and this court has jurisdiction to consider his appeal from the final judgment denying his motion. The State does not challenge defendant's request for this court to treat his motion as a Rule 472 motion for *per diem* credit against his fines.

¶ 11        We agree that defendant's motion should be treated as a motion filed under Rule 472. The rule provides for correction of errors in the application of *per diem* credit on the motion of a party at any time following judgment. Ill. S. Ct. R. 472(a)(2) (eff. May 17, 2019). Defendant requested that relief in his motion. Thus, although defendant did not expressly cite the rule in his motion, he clearly asked for the relief provided by the rule.

¶ 12        Rule 472 further states that a trial court's ruling on a motion "constitutes a final judgment on a justiciable matter and is subject to appeal in accordance with Supreme Court Rule 303." Ill. S. Ct. R. 472(b) (eff. May 17, 2019). Rule 303 provides, in pertinent part, that a notice of appeal must be filed within 30 days after entry of the final judgment. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Defendant filed his notice of appeal within 30 days following the trial court's denial of his Rule 472 motion. Accordingly, this court has jurisdiction to consider his appeal from the denial of his motion for *per diem* credit against his fines.

¶ 13                B. Credit Against "Youth Diversion" Fee

¶ 14        Initially, we note that while defendant asked for credit against several fees and assessments in his motion, he only claims on appeal that he is entitled to *per diem* credit against

- 3 -

the $5 "Youth Diversion" fee. Defendant contends the "Youth Diversion" fee has been held to be a fine subject to *per diem* credit and the trial court erred in denying his motion for credit against the fine. Accordingly, defendant requests reversal of the court's denial of his motion and remand for entry of an order awarding the $5 credit against his "Youth Diversion" fee.

¶ 15　　　　The State responds that the legislature enacted the Criminal and Traffic Assessment Act (Act) (Pub. Act 100-987 (eff. July 1, 2019) (adding 705 ILCS 135/1-5)) defining a "fine" as both "pecuniary punishment for a conviction" and "ordered by a court of law." The State argues defendant's motion for credit against his fines, filed on September 26, 2022, should be reviewed in accordance with the Act's definition of a fine. The State maintains that, under the Act, the "Youth Diversion" fee is more in the nature of a scheduled cost assessment and the record does not show it was ordered by a court of law as a pecuniary punishment. The State, therefore, concludes that the trial court correctly denied defendant's motion because the "Youth Diversion" fee is not a fine subject to *per diem* credit under section 110-14 of the Code (725 ILCS 5/110-14 (West 2006)).

¶ 16　　　　Defendant replies that applying the Act retroactively to redefine the "Youth Diversion" fee would violate *ex post facto* principles because it would be disadvantageous to him and impose an additional burden. Defendant contends the applicable law requires reversal of the trial court's decision and remand for entry of an order awarding the $5 credit.

¶ 17　　　　We agree with defendant. The applicable version of section 110-14(a) provides that "[a]ny person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant." 725 ILCS 5/110-14(a) (West 2006). Thus, a defendant is entitled to a $5-per-day credit for time served in presentence custody against a fine.

Our supreme court has held the "Youth Diversion" fee is a fine. *People v. Graves*, 235 Ill. 2d 244, 255 (2009) (stating the $5 youth diversion/peer court fee, although labeled as a fee, is "in fact [a] fine[ ], which [is] punitive in nature").

¶ 18    The State does not explain why the Act, effective July 1, 2019, should be applied retroactively to this fine imposed on defendant for an offense committed in 2005, or cite any case law in support of its contention that the "Youth Diversion" fee should be considered an assessment. The State simply asserts, without any support or analysis, that the Act's definition of a fine should control because defendant's motion was filed in 2022. Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires an appellant's brief to include "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Rule 341(h)(7) also applies to appellee briefs. Ill. S. Ct. R. 341(i) (eff. Oct. 1, 2020). Ordinarily, the State's failure to cite authority or articulate an argument in support of its claim that the Act applies retroactively here would result in forfeiture of the argument on appeal. See *People v. Pope*, 2020 IL App (4th) 180773, ¶ 75.

¶ 19    Notwithstanding any forfeiture, it is far from clear that application of the Act would support a decision that the "Youth Diversion" fee is now an assessment. In any case, as defendant argues, applying the Act retroactively to reach that result would present *ex post facto* concerns. The *ex post facto* clauses of the United States Constitution prohibit retroactive application of a law inflicting greater punishment than the law in effect when an offense was committed. *People v. Cornelius*, 213 Ill. 2d 178, 207 (2004). "A law is considered *ex post facto* if it is both retroactive and disadvantageous to the defendant." *Cornelius*, 213 Ill. 2d at 207. A defendant is disadvantaged by a law if it increases the punishment for a previously committed offense. *Cornelius*, 213 Ill. 2d at 207. A fine is a punishment imposed as part of a criminal

sentence and is subject to the prohibition against *ex post facto* laws. *People v. Prince*, 371 Ill. App. 3d 878, 880 (2007).

¶ 20        Here, defendant would be disadvantaged by retroactive application of the Act to hold the "Youth Diversion" fee is now an assessment because he would no longer be entitled to credit against the fee for time spent in presentence custody. See *Prince*, 371 Ill. App. 3d at 881 (stating denial of the credit provided by section 110-14 against a defendant's fines, based on retroactive application of an amendment to the statute, would increase the punishment for a previously committed offense). Accordingly, even if application of the Act's definition of a "fine" would result in redefining the "Youth Diversion" fee, that result would violate *ex post facto* principles. In sum, the Act cannot be applied retroactively to redefine the "Youth Diversion" fee imposed on defendant for an offense committed in 2005.

¶ 21        In accordance with our supreme court's decision in *Graves*, we conclude that the "Youth Diversion" fee imposed on defendant is, in fact, a fine. *Graves*, 235 Ill. 2d at 255. Defendant is entitled to a $5-per-day credit for time served in presentence custody against his fines. 725 ILCS 5/110-14(a) (West 2006). Accordingly, we reverse the trial court's denial of defendant's motion seeking that credit and remand to the court for application of the $5 credit to his "Youth Diversion" fee.

¶ 22                                III. CONCLUSION

¶ 23        For the reasons stated, we reverse the trial court's denial of defendant's motion to correct an error in the application of *per diem* credit against his fines and remand for entry of an order awarding the credit against his "Youth Diversion" fee.

¶ 24        Reversed and remanded.