Filed 8/18/10                    NO. 4-09-0427

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|      Plaintiff-Appellee, | ) | Circuit Court of |
|      v. | ) | McLean County |
| CLAUDE MITCHELL, | ) | No. 08CF850 |
|      Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Paul G. Lawrence, |
| | ) | Judge Presiding. |

_____

JUSTICE APPLETON delivered the opinion of the court:

For two reasons, defendant, Claude Mitchell, appeals from the sentence the trial court imposed on him for forgery (720 ILCS 5/17-3(a)(2) (West 2008)): (1) the court shorted him five days of credit against his five-year prison term, and (2) the court failed to give him monetary credit against his fines.

The five days represent the period that defendant spent in the county jail after sentencing but before his transfer to the Illinois Department of Corrections (DOC). It appears, however, from DOC's official Web site, that DOC has given defendant credit for both the three days he was in custody before sentencing and the five days he was in custody after sentencing.

As for the monetary credit against his fines, it accrues only up to the date of sentencing. It follows that while defendant is entitled to monetary credit for the three days he was in custody before sentencing, he is not entitled to monetary credit for the five days he spent in jail after sentencing. Therefore, we affirm the trial court's judgment as modified

to allow defendant a total monetary credit of $15 at the rate of $5 per day for three days.

## I. BACKGROUND

On July 30, 2008, the State indicted defendant on three counts of forgery. Defendant was in custody from July 23 to July 25, 2008. On January 16, 2009, defendant pleaded guilty to one count of forgery committed June 18, 2008 (720 ILCS 5/17-3(a)(2) (West 2008)), and on March 12, 2009, the trial court sentenced him to imprisonment for five years, giving him credit for three days of presentence custody, July 23 to 25, 2008. The court also assessed various "fees" against defendant, including a Children's Advocacy Center fee of $15 and a drug-court fee of $10. At the conclusion of the sentencing hearing, the court remanded defendant to the custody of the sheriff.

According to a memorandum that the sheriff filed on March 27, 2009, defendant was in the county jail during two periods: July 23 to 25, 2008, and March 12 to 17, 2009. Thus, he was in jail for five days after the trial court sentenced him on March 12, 2009. According to DOC's official Web site, he actually was transferred to DOC on March 17, 2009, but his "custody date" is March 9, 2009.

## II. ANALYSIS

### A. Credit Against the Sentence of Imprisonment

On the authority of section 5-8-7(b) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-8-7(b) (West 2008)), defendant argues that he is entitled to credit, against his sentence of imprisonment, for the five days he spent in custody after sentencing but before his transfer to DOC (March 12 to 17, 2009). Section 5-8-7(b) provides: "The offender shall be given credit on the determinate sentence *** for time spent in custody as a result of the offense for which the sentence was imposed." It is true that

because defendant was in jail from March 12 through 16, 2009, he was in custody during those five days and, therefore, under the plain, unqualified terms of section 5-8-7(b), he is entitled to credit for those additional five days. With that proposition, the State agrees.

Nevertheless, we decline defendant's request to remand this case with directions to award of an additional five days of credit, because we have no reason to suppose that defendant has been denied such credit. According to the official Web site of DOC, his "admission date" is March 17, 2009, but his "custody date" is March 9, 2009. See People v. Monroe, 366 Ill. App. 3d 1080, 1097, 852 N.E.2d 888, 904 (2006) ("we take judicial notice of the official public records of the Department of Corrections"). Apparently, by these notations, DOC is giving defendant credit for eight days: three days in custody before sentencing plus five days in custody after sentencing.

B. Monetary Credit Against the Fines

Defendant further argues that the Child Advocacy Center fee and drug-court fee are fines (see People v. Paige, 378 Ill. App. 3d 95, 101-02, 880 N.E.2d 675, 682 (2007)) and that he is entitled to credit, against these fines, in the amount of $5 per day for the eight days he spent in custody before his transfer to DOC (see 725 ILCS 5/110-14 (West 2008)). The State agrees, but we agree with defendant only partly on this point. He is entitled to monetary credit for July 23 to 25, 2008, but not for March 12 to 17, 2009, because the latter period came after the sentencing on March 12, 2009.

While a defendant may receive monetary credit under section 110-14 for time spent in custody after a finding of guilt, that credit is limited to the period between the verdict and sentencing. People v. Raya, 250 Ill. App. 3d 795, 802-03, 621 N.E.2d 222, 227-28 (1993); People v. Smith, 258 Ill. App. 3d 261, 270, 630 N.E.2d 147, 153 (1994); People

v. McNair, 325 Ill. App. 3d 725, 726-27, 759 N.E.2d 584, 585 (2001). Also, section 110-14 provides for credit against a fine levied upon "conviction" (725 ILCS 5/110-14 (West 2008)), and conviction occurs at sentencing.

III. CONCLUSION

Therefore, we modify the trial court's judgment so as to allow defendant a credit of $15 against his fines. Otherwise, we affirm the judgment as modified.

Affirmed as modified.

MYERSCOUGH, P.J., and POPE, J., concur.