# Illinois Official Reports

## Appellate Court

*People v. Smith*, 2014 IL App (4th) 121118

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARRELL W. SMITH, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-12-1118 |
| Filed | September 19, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's convictions and sentences for aggravated criminal sexual assault, attempted aggravated criminal sexual assault and home invasion were upheld on appeal, but the cause was remanded with directions for the clerk of the circuit court to enter a modified sentencing judgment removing the $5-per-day credit against defendant's fines for his presentence incarceration due to the fact that the credit does not apply to those incarcerated for sexual assault, and various fines and fees not properly imposed or assessed were vacated, and the cause was remanded to allow for their proper imposition and assessment according to the appellate court's disposition of this matter. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 09-CF-1281; the Hon. Heidi N. Ladd, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part; cause remanded with directions. |

| Counsel on Appeal | Michael J. Pelletier, of State Appellate Defender's Office, of Springfield, and Ellen J. Curry and Robert S. Burke, both of State Appellate Defender's Office, of Mt. Vernon, for appellant. |
| | |
| | Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, David J. Robinson, and Allison Paige Brooks, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

| Panel | JUSTICE POPE delivered the judgment of the court, with opinion. Justices Knecht and Harris concurred in the judgment and opinion. |

**OPINION**

¶ 1  Following a March 2010 jury trial, defendant, Darrell W. Smith, was found guilty of two counts of aggravated criminal sexual assault (counts I and II) (720 ILCS 5/12-13(a)(1), 12-14(a)(1), (a)(2) (West 2008)); attempt (aggravated criminal sexual assault) (count III) (720 ILCS 5/8-4(a), 12-13(a)(1), 12-14(a)(1) (West 2008)); and home invasion (count IV) (720 ILCS 5/12-11(a)(2) (West 2008)). In May 2010, the trial court merged counts I and II and sentenced defendant to a term of 30 years on count I. It sentenced defendant to a consecutive term of 15 years on count III and a 30-year term on count IV to run consecutive to the sentence imposed on count I and concurrently with count III. Defendant appeals the summary dismissal of his *pro se* postconviction petition, arguing he is entitled to a vacation of certain assessments imposed pursuant to his conviction. We affirm in part, vacate in part, and remand with directions.

¶ 2                              I. BACKGROUND

¶ 3  On direct review, this court recited the details of defendant's crimes. See *People v. Smith*, 2011 IL App (4th) 100357-U. We need not repeat those details here.

¶ 4  On July 30, 2009, the State charged defendant in a four-count information with two counts of aggravated criminal sexual assault; attempt (aggravated criminal sexual assault); and home invasion. The charges generally alleged on July 28, 2009, defendant forcefully entered a home in Urbana, Illinois, and sexually assaulted T.G., who was 13 years old, by placing his fingers in her vagina.

¶ 5  In March 2010, the case proceeded to a jury trial. After hearing all of the evidence, the jury found defendant guilty of all four counts. A sentencing hearing was set for May 3, 2010.

¶ 6  At the sentencing hearing, the parties were allowed to suggest corrections to the presentence investigation report. However, neither the State nor defendant offered any corrections to the report. Moreover, no evidence was presented by either party in aggravation or mitigation. The parties argued the appropriate sentence for this case and defendant declined to address the court.

¶ 7  After hearing the prosecutor's summary of defendant's criminal record, the trial court sentenced defendant on counts I, III, and IV of the information, with count II merging into

count I. The trial court sentenced defendant to 30 years' imprisonment on the merged aggravated-criminal-sexual-assault convictions. Additionally, the court sentenced defendant to 15 years' imprisonment for the attempt (aggravated criminal sexual assault) conviction to run consecutive to the aggravated-criminal-sexual-assault sentence and 30 years' imprisonment for the home-invasion conviction to run consecutive to the aggravated-criminal-sexual-assault sentence and concurrently with the attempt (aggravated criminal sexual assault) sentence. The court also gave defendant 279 days' credit for time served. Last, the court ordered defendant to pay the following assessments:

"THE COURT: He is to also receive credit of $1,395 towards any fines or assessments. He is to pay the court costs, a two hundred dollar genetic marker grouping analysis fee unless he's already submitted a sample. He must submit a sample for genetic testing in accordance with the statute. He's to pay a Violent Crime Victims Witness Fee. And he's to undergo medical testing for sexually transmissible diseases and [human immunodeficiency virus], in accordance with the statute, 5/5-3-3(g). Those results should be tendered to the Court."

¶ 8    The written sentencing order, filed on May 5, 2010, and signed by Judge Ladd, required defendant to serve a total of 60 years' imprisonment, with credit for the 279 days served. Under subparagraph "A," each count was listed with the name and date of the offense, citation to the statute, the offense's class, and term of imprisonment and mandatory supervised release imposed. Under subparagraph "C," the sentencing order required defendant to "pay costs of prosecution herein" but did not refer to any specific fines or fees.

¶ 9    A docket entry dated May 3, 2010, says: "Defendant is ordered to submit specimens of blood, saliva or tissue to the IL. State Police within 45 days and pay a $200 genetic marker grouping analysis fee if not previously done so by the defendant, he is ordered to pay a violent crime victims assistance act fee and undergo medical testing pursuant to 730 ILCS 5/5-5-3(g)." Additionally, on count I, the docket entry lists the following monetary assessments: "Cost Only 280.00[,] ST POLICE SERVICES 10.00." On count II, the docket entry states "Cost Only 290.00[,] COLLECTION FEES 100.05[,] LATE FEES 43.50." On count III, the docket entry lists "Cost Only 290.00[,] MOTION TO VACATE 75.00[,] COLLECTION FEES 100.05[,] LATE FEES 43.50." And, on count IV, the docket entry states "Cost Only 290.00."

¶ 10    The circuit clerk's fees and fines information contained in the supplemental record indicates defendant was assessed the following assessments on count I: (1) a $5 document-storage assessment; (2) a $10 automation assessment; (3) a $100 circuit-clerk assessment; (4) a $25 court-security assessment; (5) a $50 court-finance assessment; (6) a $40 State's Attorney assessment; (7) a $10 arrestee's medical assessment; (8) a $25 victims assistance assessment; (9) a $30 juvenile-expungement-fund assessment; (10) a $5 drug-court assessment; (11) a $100.05 collection fee; and (12) a $43.50 late fee.

¶ 11    This court affirmed defendant's conviction and sentence on direct appeal. See *Smith*, 2011 IL App (4th) 100357-U.

¶ 12    In August 2012, defendant filed a *pro se* petition for postconviction relief, alleging a multitude of constitutional-rights violations. In November 2012, the trial court summarily dismissed defendant's petition for postconviction relief and ordered him to pay "fees and actual court costs."

¶ 13    This appeal followed.

## II. ANALYSIS

Defendant takes issue with the imposition of the following assessments imposed on each count in his case: (1) a $5 document-storage assessment; (2) a $10 automation assessment; (3) a $100 circuit-clerk assessment; (4) a $25 court-security assessment; (5) a $50 court-finance assessment; (6) a $40 State's Attorney assessment; (7) a $10 arrestee's medical assessment; (8) a $25 victims assistance assessment; (9) a $30 juvenile-expungement-fund assessment; (10) a $5 drug-court assessment; and (11) $100.05 in collection fees and $43.50 in late fees. Defendant also challenges a one-time $75 filing fee. (We note the supplemental record does not include printouts of the assessments imposed on counts II through IV, nor does it include the $75 filing fee. However, the parties do not dispute the assessments were imposed on each of the four counts (plus a one-time filing fee of $75).)

More specifically, defendant argues, and the State concedes, the circuit clerk improperly imposed quadruplicate assessments–*i.e.*, one for each count within his case–and the additional assessments must be vacated under *People v. Alghadi*, 2011 IL App (4th) 100012, 960 N.E.2d 612. Second, defendant asserts the circuit clerk improperly assessed fines. Third, defendant contends the amounts of some assessments are incorrectly calculated or not statutorily authorized.

The State concedes all duplicate fees and fines must be vacated. The State further concedes the circuit clerk improperly imposed fines, but asserts the fines should be reimposed. The State asks this court to impose three additional fines: a $200 criminal surcharge (730 ILCS 5/5-9-1(c) (West 2008)); a $200 sexual-assault fine (730 ILCS 5/5-9-1.7(b)(1) (West 2008)); and a $500 sex-offender fine (730 ILCS 5/5-9-1.15(a) (West 2008)). The State contends the Violent Crime Victims Assistance Act (Victims Assistance Act) (725 ILCS 240/10(c)(1) (West 2008)) fine needs to be recalculated. Finally, the State argues defendant is not eligible for the $5-*per-diem* sentencing credit against his fines.

In Illinois, it is well settled the trial court must impose fines as a component of a defendant's sentence. "This court has consistently held the circuit clerk does not have the power to impose fines." *People v. Montag*, 2014 IL App (4th) 120993, ¶ 37, 5 N.E.3d 246. Although circuit clerks can have statutory authority to impose a *fee*, they lack authority to impose a *fine*, because the imposition of a fine is exclusively a judicial act. *People v. Larue*, 2014 IL App (4th) 120595, ¶ 56, 10 N.E.3d 959. When presented with mandatory fines assessed by the clerk, we may vacate the fines and reimpose them ourselves. *People v. Warren*, 2014 IL App (4th) 120721, ¶ 85.

A reviewing court must determine whether the assessment was imposed by the trial court or circuit clerk. "In ascertaining the terms of the sentence, a reviewing court may examine the record as a whole [citation], since the oral pronouncement of sentence and the written sentencing order entered on the same date can be viewed as one transaction." *People v. Thurston*, 255 Ill. App. 3d 512, 514-15, 626 N.E.2d 426, 427 (1994); see also *People v. Moore*, 301 Ill. App. 3d 728, 735, 704 N.E.2d 80, 85 (1998) (in the case of a conflict between the oral pronouncement of the sentence and the written sentencing order, the oral pronouncement controls).

We must also determine whether the assessment is a fine or a fee. *People v. Jones*, 223 Ill. 2d 569, 598, 861 N.E.2d 967, 984 (2006). A "fee" is defined as a charge that "seeks to recoup expenses" that the State has incurred or " 'compensat[es]' the state for some expenditure

incurred in prosecuting the defendant." *Id.* at 582, 861 N.E.2d at 975. A "fine," however, is "punitive in nature" and is "a pecuniary punishment imposed as part of a sentence on a person convicted of a criminal offense." (Internal quotation marks omitted.) *Id.* at 581, 861 N.E.2d at 975. "To determine whether an assessment is a fine or a fee and whether the assessment may be imposed on each count within a defendant's case, we look to the language of the statutes providing for their imposition." *Warren*, 2014 IL App (4th) 120721, ¶ 92.

¶ 21    Because the issues presented are ones of statutory construction, our review is *de novo*. *People v. Gutman*, 2011 IL 110338, ¶ 12, 959 N.E.2d 621. We first address the fees imposed by the circuit clerk, followed by any fines.

¶ 22                                      A. Fees

¶ 23    Defendant argues, and the State concedes, the circuit clerk improperly imposed quadruplicate assessments–*i.e.*, one for each count within his case–and the additional assessments must be vacated under *Alghadi*, 2011 IL App (4th) 100012, 960 N.E.2d 612. We do not accept the State's concession regarding quadruplicate fines and fees. In *Larue*, 2014 IL App (4th) 120595, ¶ 59, 10 N.E.3d 959, and *Warren*, 2014 IL App (4th) 120721, ¶ 90, we declined to apply our own decision in *Alghadi* and instead followed the Second District's approach in *People v. Pohl*, 2012 IL App (2d) 100629, 969 N.E.2d 508, and *People v. Martino*, 2012 IL App (2d) 101244, 970 N.E.2d 1236. Accordingly, as set forth below, we will examine the statutory language authorizing or mandating each assessment to determine whether the imposition of multiple fines or fees in a defendant's single case is proper.

¶ 24                        1. *The Automation Assessments:*
                        *A Fee Not Properly Imposed on Each Count*

¶ 25    The record shows the circuit clerk imposed a $10 automation fee (705 ILCS 105/27.3a (West 2008)) on each count in defendant's case. In *Larue*, we held the clerk could assess only one automation fee per case. *Larue*, 2014 IL App (4th) 120595, ¶ 64, 10 N.E.3d 959. As such, we vacate three of the automation fees assessed against defendant in this case.

¶ 26                        2. *The Circuit-Clerk Assessments:*
                        *A Fee Not Properly Imposed on Each Count*

¶ 27    The record shows the circuit clerk imposed a $100 circuit-clerk fee (705 ILCS 105/27.1a(w) (West 2008)) on each count in defendant's case. In *Larue*, we held the clerk could assess only one circuit-clerk fee per felony complaint. *Larue*, 2014 IL App (4th) 120595, ¶ 66, 10 N.E.3d 959. Here, the four-count complaint filed by the State constituted one felony complaint. See *Warren*, 2014 IL App (4th) 120721, ¶ 98. We therefore vacate three of the circuit-clerk fees assessed in this case.

¶ 28                        3. *The Court-Security Assessments:*
                        *A Fee Not Properly Imposed on Each Count*

¶ 29    The record shows the circuit clerk imposed a $25 court-security fee (55 ILCS 5/5-1103 (West 2008)) on each count in defendant's case. In *Larue*, we held the clerk could assess only one court-security fee against the defendant. *Larue*, 2014 IL App (4th)

120595, ¶ 68, 10 N.E.3d 959. We vacate three of the court-security fees assessed against defendant in this case.

¶ 30                                    4. *The Document-Storage Assessments:*
                                   *A Fee Not Properly Imposed on Each Count*

¶ 31        The record shows the circuit clerk imposed a $5 document-storage fee (705 ILCS 105/27.3c(a) (West 2008)) on each count in defendant's case. In *Larue*, 2014 IL App (4th) 120595, ¶ 62, 10 N.E.3d 959, we held the clerk could only assess one document-storage fee against the defendant, even though his case resulted in multiple convictions. We therefore vacate three of the document-storage fees assessed against defendant.

¶ 32                                         5. *The Filing Fee*

¶ 33        Defendant asserts the circuit clerk improperly imposed a $75 filing fee for a motion to reconsider, which was filed on May 3, 2010. Defendant contends the amount authorized for a "motion to reconsider" is $20, unless the county board has by resolution increased the fee to a maximum of $40. 705 ILCS 105/27.1a(w)(1)(G) (West 2008). The State counters the clerk imposed the $75 fee as a result of filing a postconviction petition and not a motion to reconsider.

¶ 34        The record in this case contains conflicting information. The trial court's docket entry for March 26, 2010, shows defendant filed a "motion for acquittal, or in the alternative, a motion for a new trial." On May 3, 2010, a hearing was held on defendant's motion and the docket entry states, "Motion to Vacate 75.00." Curiously, according to the Champaign County Circuit Clerk's Public Access Case Lookup System (PASS) (https://secure. jtsmith.com/clerk/yytt331s.asp), the docket entry for May 3, 2010, states: "Modified Order *** Motion to Vacate 150.00" in addition to the fee of $75.00 noted above (https://secure. jtsmith.com/clerk/yytt331s.asp). We note the following disclaimer: "The PASS system is intended to be a summary of information for the public. It does not take the place of the legal information that is held in the actual Court file. The Clerk of the Circuit Court of Champaign County accepts no liability for discrepancies between these electronic versions and the official printed documents." https://secure.jtsmith.com/clerk/yytt331s.asp. Since PASS is not an official public record of the circuit clerk, we decline to take judicial notice of the information contained on the PASS website. *Cf. People v. Mitchell*, 403 Ill. App. 3d 707, 709, 936 N.E.2d 659, 661 (2010) (the appellate court may take judicial notice of the Illinois Department of Corrections (DOC) website because it is an official public record of DOC). Indeed, there are other discrepancies between the assessments listed on PASS and those contained in the supplemental record on appeal–for example, five sets of assessments are listed on PASS as opposed to four. In any case, on November 26, 2012, the trial court entered a written order denying defendant's *pro se* postconviction petition and ordering him "to pay [filing] fees and actual court costs." The docket entry for November 26, 2012, does not show any filing fees or court costs. Likewise, the circuit clerk's fines and fees information contained in the supplemental record does not show any $75 assessment.

¶ 35        The record is ambiguous as to whether the $75 fee was actually imposed and it is unclear whether it was assessed as a result of filing a motion to reconsider, filing a postconviction

petition, or both. The clerk's printout is silent as to the statutory basis for these assessments and silent as to the date they were imposed. Once again:

> "We stress the importance of the need for all parties involved–the trial court, the State's Attorney's office, the criminal defense bar, *and the circuit clerk's office*–to ensure fines are properly imposed by the trial court with the attorneys and the defendant in attendance and on notice. This process requires active participation from the parties. *** We recognize it is the long-standing practice of the circuit court clerks to impose the fees and costs associated with criminal cases ***. *** [W]e require the help of the parties to fulfill our duties in resolving these issues on review." (Emphasis added.) *Warren*, 2014 IL App (4th) 120721, ¶ 171.

¶ 36 We remand with directions for the trial court to determine whether such a fee can be imposed, the proper amount of the fee, and to make a record of the statutory basis for which the filing fee was imposed.

¶ 37 6. *The State's Attorney Assessments:*
*A Fee Properly Imposed on Each Count*

¶ 38 The record shows the circuit clerk imposed a $40 State's Attorney fee (55 ILCS 5/4-2002 (West 2008)) on each count in defendant's case. In *Larue*, we held the clerk could impose the State's Attorney assessment on a per-conviction basis. *Larue*, 2014 IL App (4th) 120595, ¶ 72, 10 N.E.3d 959. In this case, because defendant was convicted of three offenses, we vacate one of the State's Attorney fees against defendant.

¶ 39 Moreover, in *Warren*, we explained "the statute authorizing the State's Attorney fee shows the State's Attorney is entitled to receive $30 for each felony conviction." *Warren*, 2014 IL App (4th) 120721, ¶ 105 (citing 55 ILCS 5/4-2002(a) (West 2010)). The additional $10 listed under the State's Attorney assessment on the circuit clerk's printout is the $10 sum paid to the State's Attorney out of the $30 juvenile-expungement assessment discussed below. *Id.*; 730 ILCS 5/5-9-1.17 (West 2010). Thus, we leave intact three $30 State's Attorney fees.

¶ 40 7. *Fees: Remand Directions*

¶ 41 In sum, we leave intact (1) a $10 automation fee; (2) a $100 circuit-clerk fee; (3) a $25 court-security fee; (4) a $5 document-storage fee; and (5) three $30 State's Attorney fees. We remand for the trial court to determine whether a $75 filing fee was actually imposed, whether such a fee can properly be imposed, and to make a record of the statutory basis for which the $75 filing fee was imposed, if in fact it was imposed.

¶ 42 B. Fines

¶ 43 Defendant next asserts the circuit clerk improperly assessed fines. The State concedes the circuit clerk improperly imposed fines but asserts the fines should be reimposed. The State also disputes the amount of assessments to be imposed.

¶ 44                           1. *The Arrestee's Medical Assessments:*
                              *A Fine Improperly Imposed by the Clerk*

¶ 45        The record shows the circuit clerk imposed a $10 arrestee's medical assessment (730 ILCS
125/17 (West 2008)) on each count in defendant's case. Defendant argues the assessment is a
fee and may be imposed only once per case. We disagree.

¶ 46        In *Larue*, this court held the arrestee's medical fee, despite its label as a "fee," is actually a
fine and could not be imposed by the circuit clerk. *Larue*, 2014 IL App (4th) 120595, ¶ 57, 10
N.E.3d 959. Moreover, in *Warren*, 2014 IL App (4th) 120721, ¶ 113, this court held "[t]he
plain language of section 17 of the Jail Act clearly evidences the legislature's intent this fine be
imposed on *each count* in a defendant's case." (Emphasis in original.) Since the clerk
improperly imposed the arrestee's medical fine, we vacate all four assessments and direct the
trial court to impose three $10 arrestee's medical fines–one for each count in defendant's case.

¶ 47                           2. *The Court-Finance Assessments:*
                              *A Fine Improperly Imposed by the Clerk*

¶ 48        The record shows the circuit clerk imposed a $50 court-finance fee (55 ILCS 5/5-1101(c)
(West 2008)) on each count in defendant's case. Defendant argues, and the State concedes, the
court-finance assessment is a fine that can be imposed once per case.

¶ 49        We note a split among the appellate districts as to whether the court-finance assessment is a
fine or fee. In *Larue*, we talked about the court-finance assessment as a fee. *Larue*, 2014 IL
App (4th) 120595, ¶ 70, 10 N.E.3d 959. However, neither party in *Larue* argued the
court-finance assessment was a fine. The issue in *Larue* was whether the assessment could be
imposed on more than one count. In contrast, the Second and Third Districts have held the
assessment to be a fine. *People v. Smith*, 2013 IL App (2d) 120691, ¶ 21, 1 N.E.3d 648; *People
v. Ackerman*, 2014 IL App (3d) 120585, ¶ 30, 10 N.E.3d 470.

¶ 50        In *People v. Graves*, 235 Ill. 2d 244, 248, 919 N.E.2d 906, 908-09 (2009), the circuit court
ordered the defendant to pay various monetary charges, including a "$10 mental health court
fee" and a "$5 youth diversion/peer court fee." The mental health court fee was assessed
pursuant to section 5-1101(d-5) of the Counties Code, which provides the fee is "placed in the
county general fund and used to finance the county mental health court, the county drug court,
or both." 55 ILCS 5/5-1101(d-5) (West 2008). The youth diversion/peer court fee was assessed
pursuant to section 5-1101(e), which provides the fee "must be deposited into an account
specifically for the operation and administration of a teen court, peer court, peer jury, youth
court, or other youth diversion program." 55 ILCS 5/5-1101(e) (West 2008). Further, section
5-1101(e) provides the clerk must remit the fees collected on a monthly basis to those courts or
programs, less 5%, which was to be retained by the clerk as fee income to the clerk's office. 55
ILCS 5/5-1101(e) (West 2008).

¶ 51        The *Graves* court emphasized the difference between a fee and a fine: a fee is intended to
compensate the State for any costs it incurred in prosecuting the defendant. *Graves*, 235 Ill. 2d
at 250, 919 N.E.2d at 909. The *Graves* court found the mental health court and youth
diversion/peer court fees charged in that case were actually fines because they "[did] not seek
to compensate the [S]tate for any costs incurred as the result of prosecuting the defendant."
*Id*. at 251, 919 N.E.2d at 910. In its discussion of section 5-1101, the *Graves* court also stated
the following:

"We find that section 5-1101 of the Counties Code also sets forth 'fines and penalties,' although they are labeled 'fees to finance court system.' 55 ILCS 5/5-1101 (West 2006). In addition to the two subsections under which fines were imposed in this case, section 5-1101 also authorizes monetary penalties to be paid by a defendant on a judgment of guilty or a grant of supervision for violation of certain sections of the Illinois Vehicle Code or of the Unified Code of Corrections. See 55 ILCS 5/5-1101(a), (c), (d) (West 2006)." *Graves*, 235 Ill. 2d at 253, 919 N.E.2d at 911.

¶ 52    In *Smith*, the Second District applied the supreme court's decision in *Graves* and held the court-finance assessment to be a fine. *Smith*, 2013 IL App (2d) 120691, ¶ 21, 1 N.E.3d 648. There, the court reasoned, "[n]ot only is the assessment under section 5-1101(c) of the Counties Code specifically called a fine in *Graves*, but it meets the criteria of *Graves* and *Jones* for a fine." *Id.* The assessment is imposed only upon a conviction and is authorized to help " 'finance [the] court system.' " *Id.* (quoting 55 ILCS 5/5-1101 (West 2010)). More important, the assessment does not seek to compensate the State for any costs incurred as the result of prosecuting the defendant. Rather, "[a] defendant is charged a flat amount depending on the classification of the severity of his offense." *Id.* Finally, the court noted the amount of the assessment is correlated directly with the severity of the offense, demonstrating the punitive nature of the assessment. Although a "felony is not necessarily twice as expensive to prosecute as a misdemeanor *** it *is* inherently more serious in the eyes of the law." (Emphasis in original.) *Id.* The court concluded the court-finance assessment is a fine.

¶ 53    A contrary argument could be made. It could be argued the legislature intends those who utilize the services of the court system to assist in defraying those costs. A felony offense ordinarily requires many more court appearances than a misdemeanor. A felony could be 10 times more expensive to prosecute than a misdemeanor, thus justifying the higher fees for felonies. Also, to say the assessment is only imposed upon conviction, and thus more resembles a fine than fee, is a *non sequitur*. If a defendant is acquitted or a charge is dismissed, the clerk does not collect fees. Thus all fees (except public defender fees) are assessed and collected only upon conviction.

¶ 54    Nevertheless, pursuant to the supreme court's statement in *Graves*, 235 Ill. 2d at 253, 919 N.E.2d at 911, and the Second District's decision in *Smith*, 2013 IL App (2d) 120691, ¶ 21, 1 N.E.3d 648, and *Ackerman*, 2014 IL App (3d) 120585, ¶ 30, 10 N.E.3d 470, we hold the court-finance fee is actually a fine. Therefore, the clerk improperly imposed the court-finance fine and we must vacate all four assessments. Since the fine may be imposed for each judgment of guilty or order of supervision, and since defendant was found guilty of three offenses (counts I and II merged), we direct the trial court to impose three $50 court-finance fines on remand.

¶ 55                                   3. *The Drug-Court Assessments:*
                              *A Fine Improperly Imposed by the Clerk*

¶ 56    The record in this case shows the circuit clerk imposed a $5 drug-court assessment (55 ILCS 5/5-1101(f) (West 2008)) on each count in defendant's case. Defendant argues, and the State concedes, the drug-court assessment is a fine improperly imposed by the circuit clerk. We agree and accept the State's concession.

¶ 57    In *Warren*, we held "the $5 drug-court assessment imposed by the circuit clerk was a fine, despite its label as a 'fee,' because the assessment is intended to be used 'for the operation and administration of the drug court.' " *Warren*, 2014 IL App (4th) 120721, ¶ 131 (quoting 55 ILCS 5/5-1101(f) (West 2010)). Because defendant never participated in drug court, this assessment did not reimburse the state for the costs of prosecuting defendant. *People v. Unander*, 404 Ill. App. 3d 884, 886, 936 N.E.2d 795, 797 (2010); *People v. Rexroad*, 2013 IL App (4th) 110981, ¶ 53, 992 N.E.2d 3 ("Although the drug[-]court assessment pursuant to section 5-1101(f) of the Counties Code [citation] is labeled a fee, it is actually a fine where, as here, defendant did not participate in drug court."). Because the clerk imposed the $5 drug-court fines after sentencing, we vacate these fines.

¶ 58    Defendant further argues the drug-court assessment may only be imposed once per case. We disagree. "The plain language of section 5-1101(f)(2) of the Counties Code shows the legislature intended this fine to be imposed on *each count* in a defendant's case." (Emphasis in original.) *Warren*, 2014 IL App (4th) 120721, ¶ 132. On remand, the trial court must impose three $5 drug-court fines–one for each conviction in defendant's case.

¶ 59                            4. *The Juvenile-Expungement-Fund Fines:*
                              *A Fine Improperly Imposed by the Clerk*

¶ 60    The record shows a $30 juvenile-expungement fine (730 ILCS 5/5-9-1.17 (West 2010) (added by Pub Act. 96-707, § 15 (eff. Jan. 1, 2010))) was imposed on each count in defendant's case. Defendant argues the imposition of the juvenile-expungement fine violates the prohibition against *ex post facto* laws. We agree.

¶ 61    In *Warren*, we held "[t]he plain language of section 5-9-1.17 clearly shows the legislature intended this assessment to be a fine." *Warren*, 2014 IL App (4th) 120721, ¶ 127. Because the $30 juvenile-expungement assessment (including the three separate $10 assessments contained therein) is a fine, the circuit clerk cannot properly impose it. Additionally, the juvenile-expungement fine took effect on January 1, 2010, after the date of defendant's offense, and imposition would violate the prohibition against *ex post facto* laws. *People v. Devine*, 2012 IL App (4th) 101028, ¶ 10, 976 N.E.2d 624. We vacate all four $30 juvenile-expungement fines–listed as three separate $10 charges for the Circuit Clerk Operations and Administrative Fund, State's Attorney's Office Fund, and State Police Services Fund–imposed on each count in defendant's case. (We note our vacatur of this $10 assessment does not affect the $30 to which the State's Attorney was entitled on each count for the two felony convictions in this case under section 4-2002(a) of the Counties Code (55 ILCS 5/4-2002(a) (West 2008)).

¶ 62                            5. *The Victims Assistance Act Assessments:*
                              *A Fine Improperly Imposed by the Clerk*

¶ 63    The record shows a $25 Victims Assistance Act assessment (725 ILCS 240/10(c)(1) (West 2008)) was imposed on each count in defendant's case. The Victims Assistance Act assessment is a mandatory fine that only the court has authority to impose. *People v. Evangelista*, 393 Ill. App. 3d 395, 401, 912 N.E.2d 1242, 1247 (2009). Here, although the trial court ordered defendant to pay the Victims Assistance Act assessment, it failed to determine the appropriate amount of the fine. Absent a court order imposing a specific fine, it is well

- 10 -

established the clerk of a court, as a nonjudicial member of the court, has no power to levy fines. *Warren*, 2014 IL App (4th) 120721, ¶ 82. Nothing in the record suggests the trial court reviewed, approved, or intended to incorporate the clerk's calculations or intended to order a $25 Victims Assistance Act fine or that counsel or defendant were present when this component of the sentence was imposed. Accordingly, we vacate the Victims Assistance Act fines imposed by the clerk.

¶ 64 Moreover, the defendant's Victims Assistance Act fine must be amended. The clerk assessed the $25 fine pursuant to section 10(c)(1), which applies only where no other fine has been imposed. 725 ILCS 240/10(c)(1) (West 2008). Because other fines are imposed in this case, the defendant's Victims Assistance Act fine should have been assessed under section 10(b), which authorizes a fine of "$4 for each $40, or fraction thereof, of fine imposed." 725 ILCS 240/10(b) (West 2008). We direct imposition of a Victims Assistance Act fine of $4 for each $40 of fine assessed. This task may require the court to recalculate the fine, which will require the court to calculate the total fines, including the traffic/criminal surcharge, imposed pursuant to each count and impose an additional penalty of $4 for each $40, or fraction thereof, of fine imposed. 725 ILCS 240/10(b) (West 2008); see *People v. Williams*, 2013 IL App (4th) 120313, ¶ 21, 991 N.E.2d 914 (" 'Lump Sum Surcharge' " imposed pursuant to section 5-9-1(c) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-9-1(c) (West 2008)) is to be calculated before the Victims Assistance Act assessment; the surcharge is added to the total fines and the Victims Assistance Act assessment is calculated based on the new total.).

¶ 65 Finally, the Victims Assistance Act fine may be assessed on each count, as the statute provides the penalty is to be imposed upon each conviction. *Warren*, 2014 IL App (4th) 120721, ¶ 136. Since defendant was convicted of four offenses (with counts I and II merging), the trial court must impose three Victims Assistance Act fines–one for each conviction. *Id.* ¶ 137.

¶ 66 *6. Fines: Remand Directions*

¶ 67 In sum, we vacate all fines imposed by the circuit clerk. On remand, the trial court must impose the following mandatory fines: (1) three $10 arrestee's medical fines; (2) three $50 court-finance fines; (3) three $5 drug-court fines; and (4) three Victims Assistance Act fines of $4 for each $40, or fraction thereof, of fines imposed.

¶ 68 C. Fines Not Imposed in This Case

¶ 69 The State asks this court to impose three additional fines not listed on the circuit clerk's computer printout, which it asserts are applicable to defendant's case: a $200 criminal-surcharge fine (730 ILCS 5/5-9-1(c) (West 2008)); a $200 sexual-assault fine (730 ILCS 5/5-9-1.7(b)(1) (West 2008)); and a $500 sex-offender fine (730 ILCS 5/5-9-1.15(a) (West 2008) (added by Pub. Act 95-600, § 15 (eff. June 1, 2008))).

¶ 70 *1. Criminal Surcharge*

¶ 71 The State contends a criminal-surcharge fine must be imposed on remand. We agree.

¶ 72 Section 5-9-1(c) of the Unified Code (730 ILCS 5/5-9-1(c) (West 2008)) provides, in pertinent part:

"*There shall be added to every fine imposed* in sentencing for a criminal or traffic offense, except an offense relating to parking or registration, or offense by a pedestrian, *an additional penalty* of $10 for each $40, or fraction thereof, of fine imposed." (Emphases added.)

¶ 73    The criminal-surcharge assessment is a fine that must be imposed on each count in a defendant's case. *Warren*, 2014 IL App (4th) 120721, ¶¶ 123-24. On remand, the trial court must impose three criminal surcharge fines–one for each conviction. "This may require the fine to be recalculated, which will require the trial court to calculate the total fines on each count and assess an additional $10 for each $40, or fraction thereof, of fine imposed." *Id.* ¶ 124; see *Williams*, 2013 IL App (4th) 120313, ¶ 21, 991 N.E.2d 914 (" 'Lump Sum Surcharge' " imposed pursuant to section 5-9-1(c) of the Unified Code is to be calculated before the Victims Assistance Act assessment; the surcharge is added to the total fines and the Victims Assistance Act assessment is calculated based on the new total.).

¶ 74                              2. *Sexual-Assault Assessment*

¶ 75    The State argues this court should impose a mandatory $200 sexual-assault fine (730 ILCS 5/5-9-1.7(b)(1) (West 2008)).

¶ 76    Section 5-9-1.7(b)(1) states:

"In addition to any other penalty imposed, a fine of $200 *shall* be imposed upon any person who pleads guilty or who is convicted of, or who receives a disposition of court supervision for, a sexual assault or attempt of a sexual assault. *Upon request of the victim* or the victim's representative, the court shall determine whether the fine will impose an undue burden on the victim of the offense. *** If the court finds that the fine would impose an undue burden on the victim, *the court may reduce or waive the fine*. The court shall order that the defendant may not use funds belonging solely to the victim of the offense for payment of the fine." (Emphases added.) 730 ILCS 5/5-9-1.7(b)(1) (West 2008).

Section 5-9-1.7(a)(1) defines "sexual assault" as "the commission or attempted commission of *** aggravated criminal sexual assault." 730 ILCS 5/5-9-1.7(a)(1) (West 2008). While the express language of section 5-9-1.7(b)(1) gives the trial court discretion to "reduce or waive the fine" (730 ILCS 5/5-9-1.7(b)(1) (West 2008)), that discretion arises only when the victim makes a request for the court to consider any burden imposed on the victim by imposition of the fine.

¶ 77    Here, the record discloses no request was made by the victim to the trial court to consider waiving or reducing this fine. Consequently, the court was mandated to impose this fine on counts I and III and we remand with directions to do so. *Cf. People v. Anderson*, 402 Ill. App. 3d 186, 194, 931 N.E.2d 773, 779 (2010) (upholding the imposition of a fine on each count but implying such was within the court's *discretion*).

¶ 78                       3. *The Sex-Offender Assessment: A Mandatory Fine*

¶ 79    The State next argues this court should impose a mandatory $500 sex-offender fine (730 ILCS 5/5-9-1.15(a) (West 2008) (added by Pub. Act 95-600, § 15 (eff. June 1, 2008))).

¶ 80    Section 5-9-1.15 provides as follows:

"(a) There shall be added to every penalty imposed in sentencing for a sex offense as defined in Section 2 of the Sex Offender Registration Act an additional fine in the amount of $500 to be imposed upon a plea of guilty, stipulation of facts or finding of guilty resulting in a judgment of conviction or order of supervision.

(b) Such additional amount shall be assessed by the court imposing sentence and shall be collected by the circuit clerk in addition to the fine, if any, and costs in the case. Each such additional penalty shall be remitted by the circuit clerk within one month after receipt to the State Treasurer for deposit into the Sex Offender Investigation Fund. The circuit clerk shall retain 10% of such penalty for deposit into the Circuit Court Clerk Operation and Administrative Fund created by the Clerk of the Circuit Court to cover the costs incurred in administering and enforcing this Section. Such additional penalty shall not be considered a part of the fine for purposes of any reduction in the fine for time served either before or after sentencing." 730 ILCS 5/5-9-1.15(a), (b) (West 2008) (added by Pub. Act 95-600, § 15 (eff. June 1, 2008)).

¶ 81    The plain language of section 5-9-1.15 shows the legislature intended this assessment to be a fine. The statute refers to the assessment as "an additional fine" that is to "be added to every penalty imposed in sentencing for a sex offense." 730 ILCS 5/5-9-1.15(a) (West 2008) (added by Pub. Act 95-600, § 15 (eff. June 1, 2008)). Additionally, the legislature intended this fine to be imposed on each sex-offense count in defendant's case. The statute provides the fine is to "be added to every penalty imposed in sentencing for a *sex offense*." (Emphasis added.) 730 ILCS 5/5-9-1.15(a) (West 2008) (added by Pub. Act 95-600, § 15 (eff. June 1, 2008)). The fine is "to be imposed upon a plea of guilty, stipulation of facts or finding of guilty resulting in a judgment of conviction or order of supervision." 730 ILCS 5/5-9-1.15(a) (West 2008) (added by Pub. Act 95-600, § 15 (eff. June 1, 2008)). Because a defendant can properly be found guilty of and sentenced for multiple sex offenses in a single case, the sex-offender fine can be properly imposed on each count in a defendant's case. On remand, the trial court must impose two $500 sex-offender fines–one for each sex-offense conviction in defendant's case.

¶ 82                              4. *Remand Directions for Additional Fines*

¶ 83    In sum, the trial court must impose the following additional mandatory fines: (1) three criminal-surcharge fines of $10 for each $40, or fraction thereof, of fine imposed; (2) two $200 sexual-assault fines; and (3) two $500 sex-offender fines.

¶ 84                              D. The Collection Fees and Late Fees:
                                   A Separate Civil Assessment

¶ 85    Next, defendant argues the circuit clerk exceeded statutory authority in ordering him to pay a $43.50 late fee (725 ILCS 5/124A-10 (West 2008)) and a $100.05 collection fee (730 ILCS 5/5-9-3(e) (West 2008)). Specifically, defendant argues the collection fee is improper because "the time fixed for payment of the fine, fee, cost, restitution, or judgment of bond forfeiture" was never set by the court and consequently, defendant cannot be considered late. The State argues the late fees and collection fees are civil penalties that cannot be challenged in a criminal appeal.

¶ 86    In *People v. Jake*, 2011 IL App (4th) 090779, ¶ 23, 960 N.E.2d 45, this court held late fees and collection fees "are in the nature of a separate civil penalty which must be challenged by a

- 13 -

cause of action separate from the criminal case." The court further determined it did not have jurisdiction to consider the merits of defendant's argument because the late fees and collection fees were not assessed until after defendant filed his notice of appeal. The court reasoned as follows:

> "A notice of appeal provides a reviewing court with jurisdiction to consider only the judgments specified in the notice of appeal. [Citation.] Once the notice of appeal is filed, the reviewing court has no jurisdiction over matters the trial court decides after that date. [Citation.] The final judgment in a criminal case is the sentence. [Citation.]" *Id.* ¶ 24, 960 N.E.2d 45.

¶ 87    Here, the trial court sentenced defendant on May 3, 2010. The docket sheet reflects these fees were assessed on the day defendant was sentenced, *i.e.*, May 3, 2010. We fail to understand how such fees could have been imposed on the day of sentencing.

¶ 88    Moreover, we note the collection fees and late fees are based on the total amount of fines and fees imposed by the circuit clerk. Since many of the fines were not judicially imposed, and because several assessments were imposed improperly on multiple counts, we direct the clerk to vacate the late fees and collection fees. To the extent new assessments are imposed on remand, defendant will have 30 days (or longer if directed by the trial court) from the date of judgment to pay those assessments. See 725 ILCS 5/124A-10 (West 2008). If he fails to pay, the clerk may impose collection fees and late fees as allowed by statute.

¶ 89                                E. Sentencing Credit

¶ 90    Finally, the State argues defendant is not entitled to the $5-*per-diem* sentencing credit because he was incarcerated for sexual assault. We agree.

¶ 91    Section 110-14(a) of the Code of Criminal Procedure of 1963 provides: "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant." 725 ILCS 5/110-14(a) (West 2008). However, section 110-14(b) provides subsection (a) does not apply to a person incarcerated for sexual assault as defined in section 5-9-1.7(a)(1) of the Unified Code (730 ILCS 5/5-9-1.7(a)(1) (West 2008)). 725 ILCS 5/110-14(b) (West 2008) (added by Pub. Act 93-699, § 5 (eff. Jan. 1, 2005)). As noted above, section 5-9-1.7(a)(1) defines sexual assault as "the commission or attempted commission of *** aggravated criminal sexual assault." 730 ILCS 5/5-9-1.7(a)(1) (West 2008).

¶ 92    In this case, defendant was convicted of attempt (aggravated criminal sexual assault) (720 ILCS 5/8-4(a), 12-13(a)(1), 12-14(a)(1) (West 2008)) and aggravated criminal sexual assault (720 ILCS 5/12-13(a)(1), 12-14(a)(1) (West 2008)), which fall under the definition of "sexual assault." 730 ILCS 5/5-9-1.7(a)(1) (West 2008). Accordingly, he is not eligible for the $5 *per diem* sentencing credit to be applied against his fines. See *People v. Schneider*, 403 Ill. App. 3d 301, 304, 933 N.E.2d 384, 389 (2010), *abrogated on other grounds by People v. Gutierrez*, 2012 IL 111590, 962 N.E.2d 437. We order the circuit court to enter a modified sentencing judgment removing the sentencing credit. See Ill. S. Ct. R. 615(b) (eff. Jan. 1, 1967); *People v. Rivera*, 378 Ill. App. 3d 896, 900-01, 882 N.E.2d 1169, 1173 (2008).

## III. CONCLUSION

¶ 94    We affirm in part and vacate in part the trial court's judgment and remand for the trial court, and not the circuit clerk, to impose the mandatory fines vacated herein and any other fines mandated by statute. We further direct the clerk of this court to furnish the Champaign County circuit clerk with a personal copy of this disposition, ensuring she understands the errors as to fines and fees, discussed herein, so that the errors are not repeated. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal. 55 ILCS 5/4-2002(a) (West 2012).

¶ 95    Affirmed in part and vacated in part; cause remanded with directions.