2021 IL App (1st) 191394-U

No. 1-19-1394

Order filed February 25, 2021

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| | ) | |
| v. | ) | Nos. 90 CR 20359 |
| | ) | 91 CR 29024 |
| | ) | |
| ERICK FLEMING, | ) | Honorable |
| | ) | Stanley J. Sacks, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Gordon and Justice Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*: The judgment of the circuit court is affirmed where defendant pled guilty in two separate cases, and the presentence custody credit that was applied to defendant's sentences for the second case was properly calculated from the date of defendant's arrest in the second case.

¶ 2    Defendant Erick Fleming appeals from an order of the circuit court that denied his motion to correct his mittimus to reflect additional presentence custody credit.[1] On appeal, defendant contends the record established he was arrested prior to the date used by the trial court in calculating his presentence custody credit. We affirm.[2]

¶ 3    This appeal arises from guilty pleas to first degree murder, attempt first degree murder, aggravated arson, conspiracy to commit murder, and aggravated battery that defendant entered in 1992, resulting in a total of 70 years' imprisonment. The offenses both occurred on July 17, 1990, but were charged in two separate criminal complaints filed on July 23, 1990, and December 3, 1991, which were superseded by indictments in case numbers 90 CR 20359 and 91 CR 29024, respectively.

¶ 4    On June 22, 1992, defendant pled guilty to one count of aggravated battery in case No. 90 CR 20359 and pled guilty to first degree murder, attempt first degree murder, aggravated arson, and conspiracy to commit arson in case No. 91 CR 29024.[3]

_____

[1] The parties spell defendant's first name as "Eric," while the docketing statement in this case spells his first name as "Erick," and the record reflects both spellings. For consistency with our prior order dismissing defendant's collateral appeal in *People v. Fleming*, 2017 IL App (1st) 151497-U, we again spell defendant's first name as "Erick." The parties do not dispute that the names "Eric Fleming" and "Erick Fleming" both refer to defendant.

[2] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

[3] The record on appeal does not contain a transcript of proceedings for the guilty plea hearing or a written record of the factual basis for defendant's plea. However, the facts adduced at a hearing on defendant's eligibility for the death penalty, and otherwise reflected in the record, show that on July 17, 1990, James Witherspoon shot and killed defendant's friend and fellow gang member. In retaliation, defendant and other people went to the area of James Witherspoon's residence. They beat James Witherspoon's wife to death and beat and severely injured Andrew Van Buren. About one hour later, defendant went with a group to James Witherspoon's residence and set fire to it while 23-month-old Jontiel Witherspoon and 8-year-old Robert Thomas were inside. Jontiel Witherspoon died as a result of the fire, and Thomas survived. Case No. 90 CR 20359 concerns the aggravated battery of Van Buren, while case No. 91 CR 29024 concerns the arson of James Witherspoon's residence, the first degree murder of Jontiel Witherspoon, and the attempt first degree murder and aggravated battery of Thomas.

¶ 5    A sentencing hearing occurred on September 1, 1992. In case No. 91 CR 29024, the circuit court sentenced defendant to concurrent prison terms of 70 years for first degree murder, 30 years for attempt first degree murder, and 30 years for aggravated arson.[4] In case No. 90 CR 20359, the court sentenced defendant to five years' imprisonment for aggravated battery, which would run concurrent to the sentences in case No. 91 CR 29024.

¶ 6    Defendant's mittimus in case No. 90 CR 20359, filed on September 1, 1992, states that he would be entitled to credit against his sentence for aggravated battery "for all time spent in custody *** since date of arrest 7.20.90." Defendant's mittimus in case No. 91 CR 29024, also filed on September 1, 1992, states that he would be entitled to credit against his sentences for first degree murder, attempt first degree murder, and aggravated arson "for all time spent in CCDC since date of arrest 12.2.91 [*sic*]."

¶ 7    Defendant did not file a direct appeal. Our records indicate that defendant filed a notice of appeal in late 2003, designated appeal No. 1-03-3539, but no briefs were filed and the appeal was dismissed for want of prosecution on August 19, 2004.

¶ 8    On January 13, 2004, defendant filed a *pro se* motion to withdraw his guilty plea and vacate his sentence. On July 7, 2005, the State moved to dismiss. On August 11, 2005, the circuit court granted the State's motion.

¶ 9    In June 2014, defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)), alleging that plea counsel was ineffective for misinforming him regarding the terms of his plea agreement.

---

[4] As to case No. 91 CR 29024, defendant's conspiracy count was merged into the aggravated arson count, and the State nol-prossed the remaining counts.

On October 3, 2014, the circuit court granted the State's motion to dismiss defendant's petition, finding the petition was untimely and had "no basis in law or fact." Defendant filed a motion for leave to file a late notice of appeal, which we dismissed for lack of jurisdiction due to untimeliness. *People v. Fleming*, 2017 IL App (1st) 151497-U, ¶ 1.

¶ 10    On March 25, 2019,[5] defendant filed a *pro se* motion to correct his mittimus in case No. 91 CR 29024, seeking additional presentence custody credit for 17 months and 18 days. Defendant reasoned that he had agreed to plead guilty in exchange for a 70-year prison sentence served at 50%, and thus serve 35 years in prison from the date he was originally arrested for first degree murder. Referencing a criminal history sheet from the Chicago Police Department, defendant claimed that his original arrest date for the first degree murder case was July 21, 1990,[6] and that his projected release date should be July 21, 2025, and not December 2, 2026.

¶ 11    Defendant attached the criminal history sheet, which contains an extensive grid of defendant's prior arrests. One particular row states "21 Jul 90, Off. Rick, Area2/VC, (005), Murder" and "12 Sep 90, G.J. IND. #90CR-20359, Agg Battery (2cts)." The text describing the "Agg Battery" arrest is in bold. The row immediately below this first row states, "03 Dec 91, Det. Glynn, A/2VC(SAO), 1st Degree Murder."

---

[5] Defendant's *pro se* motion to correct his mittimus contains two file stamps dated February 20, 2019, and March 25, 2019. The parties do not dispute that this motion was filed on March 25, 2019.

[6] While the arrest report for the aggravated battery case, No. 90 CR 20359, states that defendant was arrested on July 20, 1990, the criminal history sheet attached to defendant's motion states that he was arrested on July 21, 1990. On appeal, defendant states that he was initially arrested on July 20. The State responds that the actual arrest occurred in the early morning of July 21, 1991, and that the arrest report contains a typo. Ultimately, whether the initial arrest for aggravated battery occurred on July 20 or July 21 is immaterial to the issue on appeal. Nonetheless, we note that defendant essentially conceded that he was arrested on July 21 in his motion to correct his mittimus.

¶ 12    At a hearing on June 7, 2019, the circuit court recounted that in 1990, defendant was charged with aggravated battery, and the State filed an additional charge of murder from "a separate incident" while defendant was in custody for the aggravated battery charge. The court denied defendant's motion, stating, "He keeps filing motions for credit for his sentences. *** Motion [to] correct the mittimus *** denied. The sentence is correct ***, and the credits are correct the way they are. Motion denied. Off call."

¶ 13    On appeal, defendant argues that the circuit court erred in denying his motion to correct the mittimus in case No. 91 CR 29024. He claims he is entitled to presentence custody credit beginning on July 20, 1990, the purported date of his initial arrest for the first degree murder case. The State maintains that defendant was not arrested for the first degree murder case until December 3, 1991, and is only entitled to presentence custody credit from that date.

¶ 14    Illinois Supreme Court Rule 472(a)(3) (eff. May 17, 2019) provides that "[i]n criminal cases, the circuit court retains jurisdiction to correct *** at any time following judgment and after notice to the parties, including during the pendency of an appeal, on the court's own motion, or on motion of any party *** [e]rrors in the calculation of presentence custody credit." "Where a circuit court's judgment pursuant to this rule is entered more than 30 days after the final judgment, the judgment constitutes a final judgment on a justiciable matter and is subject to appeal." Ill. S. Ct. R. 472(b) (eff. May 17, 2019).

¶ 15    Defendant is entitled to sentencing credit for "time spent in custody as a result of the offense for which the sentence was imposed." Ill. Rev. Stat. 1989, ch. 38, par. 1005-8-7(b). For purposes of calculating presentence custody credit, "once a defendant is arrested for an offense he or she is clearly 'in custody' for that offense even before he or she is formally charged."

*People v. Roberson*, 212 Ill. 2d 430, 439 (2004). "[W]hen a defendant is simultaneously in presentence custody on two unrelated charges, section 5-8-7(b) entitles him or her to credit on both offenses." *People v. Johnson*, 401 Ill. App. 3d 678, 681 (2010) (citing *People v. Robinson*, 172 Ill. 2d 452, 462-63 (1996)). Thus, "[w]hen a defendant is sentenced to concurrent sentences, he is entitled to credit against both sentences for any time spent in custody that is attributable to both charges." *People v. Inman*, 2014 IL App (5th) 120097, ¶ 26. "While a defendant sentenced to concurrent sentences receives credit for time served against *each* sentence, because the sentences are served concurrently, the credits are applied in that manner as well." (Emphasis in original.) *People v. Latona*, 184 Ill. 2d 260, 271 (1998).

¶ 16    We review *de novo* "the calculation of the number of days a defendant served in presentence custody because the resolution of that issue does not require deference to the circuit court's reasoning." *People v. Daily*, 2016 IL App (4th) 150588, ¶ 19.

¶ 17    The parties do not dispute that defendant is entitled to presentence custody credit in case No. 91 CR 29024 beginning on the date that he was arrested for that case. Rather, the parties only dispute when that arrest occurred.

¶ 18    As noted, defendant's mittimi reflect that defendant was arrested in July 1990 for the aggravated battery case designated case No. 90 CR 20359, and he was arrested again in December 1991 for the first degree murder case designated case No. 91 CR 29024. These mittimi therefore support the conclusion that defendant was arrested on two separate occasions for these two cases, and he was not arrested for the offenses underlying case No. 91 CR 29024 until December 1991.

¶ 19    This determination is also supported by the Chicago Police Department (CPD) arrest reports for defendant's offenses, which are included in the common law record.

¶ 20     The CPD arrest report underlying case No. 90 CR 20359 states that defendant was arrested on July 20, 1990, and includes the circuit court docket number 90109802. The report initially listed the offenses of "Murder" and "Arson," but these words were struck and the phrase "Agg. Battery" was written underneath them. The name of the victim appears to have originally been written as "Jontel, [*sic*] Witherspoon," but the name "Andrew Vanburen" is written above it.[7] The "narrative" portion of the report states that defendant "was named by several people," including "[f]our charged offenders," as starting an apartment fire that killed Witherspoon. The narrative added that "[c]harges [were] pending approval of the A.S.A.," and that defendant was also charged with "Agg. battery of Andrew Vanburen." A criminal complaint charging defendant with two counts of aggravated battery was filed on July 23, 1990, and includes the circuit court docket number 90109802—the same number listed in the July 20, 1990 arrest report. Defendant was ultimately charged by indictment with two counts of aggravated battery in case No. 90 CR 20359.

¶ 21     The arrest report underlying case No. 91 CR 29024 reflects that defendant was arrested on December 3, 1991, for the first degree murder of Witherspoon. The report lists a different circuit court docket number than the one in the first arrest report, though some digits are illegible. The "narrative" section of the report states that Jontiel Witherspoon was killed in a fire set by defendant, and that defendant "is currently in custody at Cook County Jail and will be returned after processing and charging." A criminal complaint was filed on December 3, 1991. Defendant and codefendant Eric Boykins were ultimately charged by indictment in case No. 91 CR 29024

---

[7] The arrest reports in this case list the first degree murder victim's name as "Jontel Witherspoon" and "Jontiel Witherspoon." The parties do not dispute that these two names refer to the same person. Further, while the record alternately spells the last name of the victim in the aggravated battery case as "Vanburen" and "Van Buren," the parties do not dispute these two names also refer to the same person.

with three counts of first degree murder, one count of attempt first degree murder, two counts of aggravated arson, two counts of conspiracy to commit arson, two counts of home invasion, one count of residential burglary, one count of arson, and one count of aggravated battery.

¶ 22    The record consistently shows that defendant was arrested in case No. 91 CR 29024, the first degree murder case, in December 1991 and not in July 1990.[8] The second arrest report underlying that case reflects an arrest date of December 3, 1991. The mittimus for that case states that defendant was arrested in the case on December 2, 1991. Additionally, the inmate database of the Illinois Department of Corrections (IDOC) website states that defendant's arrest on July 20, 1990, only concerned the aggravated battery case, case No. 90 CR 20359. As to case No. 91 CR 29024, the database states that defendant was arrested on December 2, 1991. See *People v. Mitchell*, 403 Ill. App. 3d 707, 709 (2010) (taking judicial notice of public records from the IDOC website).

¶ 23    While the arrest report from July 1990 referenced the underlying facts of case No. 91 CR 29024, markings on the report clearly show that it was corrected to indicate that the July 1990 arrest only concerned defendant's aggravated battery charges. The circuit court docket number listed in this initial July 1990 arrest report reflects the same docket number as the complaint filed in the aggravated battery case, No. 90 CR 20359. Notwithstanding the apparent contradiction in the CPD criminal history sheet that defendant referenced in his motion to correct the mittimus, the record as a whole and IDOC's public records all consistently show that defendant was not arrested

---

[8] There is conflicting information regarding whether defendant's arrest for the first degree murder case occurred on December 2, 1991, or December 3, 1991. Namely, defendant's mittimus and the IDOC inmate database reflects that he was arrested on December 2, while defendant's second arrest report states that he was arrested on December 3. Nonetheless, defendant does not challenge the credit he received based on this apparent discrepancy.

for the first degree murder case, No. 91 CR 29024, until December 1991. See *People v. Alvidrez*, 2014 IL App (1st) 121740, ¶ 34, *modified on denial of reh'g* (Dec. 3, 2014) (finding the defendant was entitled to credit beginning on January 13, 2018, where the arrest report stated the defendant was arrested on January 31, 2018, but the arrest date was otherwise listed as January 13, 2018, on the mittimus, indictment return sheet, and Cook County records).

¶ 24     Given the overwhelming documentation that defendant was not arrested for the first degree murder case until December 1991, we find the circuit court properly denied defendant's motion to correct the mittimus and concluded that defendant received the correct amount of presentence custody credit.

¶ 25     For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 26     Affirmed.